### H. M. HOPEWELL V. M. S. McGREW, ASSIGNEE.

#### FILED MARCH 3, 1897. No. 7147.

1. **Pleading: WAIVER OF DEFECT.** That the party answers over after his general demurrer to a petition is overruled is not a waiver of the defect that the petition fails to state a cause of action. (*Cox v. Peoria Mfg. Co.*, 42 Neb., 660.)

2. **Principal and Surety.** The liability of a surety is measured by, and will not be extended beyond, the strict terms of his contract.

3. **Attachment Bond: SURETIES.** The obligation of a surety in an undertaking in attachment is to pay the obligees thereof the damages sustained by reason of the attachment, "if the order be wrongfully obtained."

4. **Action on Attachment Bond: PLEADING.** The petition disclosed that the action was brought by the assignee of a party, a stranger to those described in the attachment bond, and was one for damages which he claimed to have sustained by reason of the seizure under the writ of attachment of property of which he was in possession as such assignee. *Held*, Not to state a cause of action on the bond.

ERROR from the district court of Burt county. Tried below before AMBROSE, J. *Reversed.*

*E. W. Peterson*, for plaintiff in error.

*Charles T. Dickinson, contra.*

HARRISON, J.

This, an action on an undertaking in attachment proceedings, was instituted in the district court of Burt county November 27, 1891. A trial of the issues presented by the pleadings as settled and filed in accordance with the rulings of the court resulted in a judgment in plaintiff's favor, and the case has been removed to this court by error proceedings on the part of defendant.

The plaintiff in error was surety upon the attachment bond in suit and the action was against him alone, his principal not being joined. By one of the assignments of error the point is raised, were there sufficient facts

stated in the petition to constitute a cause of action? The petition we will now give in part as it appears in the record, and of other portions the substance, as follows:

"Comes now the above named plaintiff and for cause of action against said defendant complains and says, that heretofore, to-wit, on the 7th day of October, 1889, Charles Erickson, a merchant doing business at Oakland, Nebraska, executed and delivered to F. F. Parker, sheriff of Burt county, Nebraska, a deed of assignment of all his property, for the benefit of his creditors; that within twenty-four hours after the execution and delivery of said deed to the said Parker, the said Parker caused the same to be recorded in the office of the clerk of Burt county, Nebraska, and immediately took possession of all the property of said Charles Erickson; that afterwards, to-wit, on the 14th day of June, 1890, one James R. Foree was duly elected by the creditors of said Erickson as assignee, due and legal notice of the time and place of said election having been given by the county judge of said county, as required by law. Immediately after said election the said Foree gave the bond required and entered upon the discharge of his duties as assignee of said estate.

"Plaintiff further represents that the term of office of said F. F. Parker expired in January, 1890, and the plaintiff herein is the duly elected, qualified, and acting successor in office of the said Parker as sheriff as aforesaid.

"On the 9th day of September, 1891, upon the application of the J. T. Robinson Notion Company, Sweet, Dempster & Co., and other creditors of said Charles Erickson, the county court made an order removing said James R. Foree from the further execution of said trust, and restored the plaintiff herein, as the sheriff of said county, to the execution of said trust, from which order no appeal has been taken, and the same remains unreversed and in full force and effect.

"Plaintiff further represents that on the 12th day of October, 1891, Henry W. King & Co., of Chicago, Illinois,

commenced in the district court of Burt county, Nebraska, an action by attachment against the firm of Anderson & Erickson, and F. F. Parker as assignee, for the recovery of money from said firm, alleging in the affidavit for said attachment and as a ground for said attachment, 'That said Anderson & Erickson has assigned, removed, and disposed of a part of the said firm property with the intent to defraud their creditors, and the creditors of said firm, and that said Anderson & Erickson are about to dispose of the balance of their property with the intent to defraud their creditors, and the creditors of the firm; that the said Anderson & Erickson are about to convert their partnership property into money for the purpose of placing it beyond the reach of their creditors.'

"That said Anderson & Erickson have turned over all their firm property to F. F. Parker, sheriff of Burt county, Nebraska, upon a pretended assignment for the benefit of the creditors of Charley Erickson, but that said pretended assignment was fraudulently made and for the purpose of defrauding the creditors of the firm, and is illegal and void."

At the same time said Henry W. King & Co., and the defendant herein, H. M. Hopewell, executed and delivered to the clerk of said court the following undertaking:

"In the District Court of Burt County, Nebraska.

"HENRY W. KING, WILLIAM C. BROWNING, and EDWARD W. DEWEY, partners doing business under the name and style of Henry W. King & Co., Plaintiff,

v.

ANDERSON & ERICKSON, a firm doing business in Nebraska and not incorporated, and F. F. PARKER, Sheriff of Burt County, Nebraska, as assignee, Defendants.

"Whereas said Henry W. King, William C. Browning,

and Edward W. Dewey, doing business under the name and style of Henry W. King & Co., have commenced an action in the district court of Burt county against said Anderson & Erickson to recover the sum of $1,306.50 and have filed the necessary affidavit to obtain an order of attachment against said Anderson & Erickson: Now therefore we, Henry W. King & Co., of Chicago, and H. M. Hopewell, of Burt county, do hereby undertake to said Anderson & Erickson, defendants, in the penal sum of $3,000, that the plaintiff shall pay the defendants all damage not exceeding the above amount which said defendant may sustain by reason of the attachment in this action if the order therefor be wrongfully obtained.

"HENRY W. KING & CO.,
"By E. W. PETERSON,
"*Their Attorney.*
"H. M. HOPEWELL.

"I do hereby approve the above undertaking and the sureties thereon.                F. E. WARD,
"*Clerk of Dist. Court.*"

It was further stated that a writ of attachment was issued and "Which order was levied upon the following goods and chattels of the said Charles Erickson: all of the stock of dry goods, clothing, gents' furnishing goods, hats, caps, notions, boots and shoes, being all of the goods and store fixtures of the said Charles Erickson, also all the books of account belonging to said Erickson, all of said stock, fixtures, and accounts and books of account formerly belonging to the firm of Anderson & Erickson, but at the time of the levy of said order of attachment, and for some time prior thereto, had been transferred over to the said Charles Erickson by said firm, and by the said Erickson transferred over to the said F. F. Parker, as sheriff of said county as temporary assignee, under said deed of assignment, and at the time of said levy the firm of Anderson & Erickson had no interest in said goods; that all of said goods above described were taken into the care and custody of the coroner of said county, the sheriff

being a party to such action, and detained by said coroner for the period of —— days." There were further allegations, from which it appeared that the attachment was, on motion, dissolved and the attachment proceedings dismissed, from which adjudication there had been prosecuted no proceedings for its reversal, and after some further statements in regard to damages, which need no particular notice at this time, the petition closed with a prayer for judgment. To this petition was interposed the following demurrer:

"The defendant demurs to the petition of the plaintiff for the following causes, which appear on the face of the petition:

"1. The plaintiff has not legal capacity to sue.

"2. There is a defect of parties defendant.

"3. There is a defect of parties plaintiff.

"4. The petition does not state facts sufficient to constitute a cause of action."

Which was overruled and an answer which was in effect a general denial was filed for plaintiff in error. At the inception of the introduction of the evidence, objection was made to further proceeding in that direction on the ground that no cause of action was stated in the petition. The objection was overruled and evidence received. The plaintiff in error, notwithstanding he answered after the overruling of his general demurrer, may now be heard to insist on his objection that the petition did not state facts sufficient to constitute a cause of action. (*Cox v. Peoria Mfg. Co.*, 42 Neb., 660; *Farrar v. Triplet*, 7 Neb., 237; *O'Donohue v. Hendrix*, 13 Neb., 255; *Burlington & M. R. R. Co. v. Kearney Co.*, 17 Neb., 511; *Singer Mfg. Co. v. McAllister*, 22 Neb., 359; *Renfrew v. Willis*, 33 Neb., 98; 6 Ency. Pl. & Pr., 365.) What we have just stated being the rule, the question then is presented in this case, was there a cause of action against plaintiff in error and against defendant in error, stated in the petition?

The basis of the action, as pleaded in the petition, was the undertaking in attachment, which, by its terms, was

for the benefit and security of Anderson & Erickson, and
not of defendant in error. It is not disclosed in the peti-
tion that the Charles Erickson, of whom the defendant in
error was the assignee, was the Erickson who figured as
one of the partners of the firm of Anderson & Erickson,
or that he was other than a stranger to said firm; hence
he must here be considered as a third person and as not
being connected with the partnership. It is true that de-
fendant in error, as assignee of Charles Erickson, was
made a party defendant in the suit in which the attach-
ment was issued and in the attachment proceedings. It
is further true that as assignee of Erickson the defendant
in error was in possession of the goods upon which the
levy of writ of attachment was made. Why the defend-
ant in error was made a party in the attachment case is
not disclosed in the petition in this action, but presumably
it was that his rights in and to the attached property
might be litigated in that suit. It is a well-established
general rule that the liability of a surety is governed by
and will not be extended beyond the precise terms of the
contract. (*Curtin v. Atkinson*, 36 Neb., 110; *Crane v. Specht*,
39 Neb., 123.) The bond on which this suit was predi-
cated, signed by plaintiff in error as surety, was in terms
for the benefit of Anderson & Erickson, the partnership,
to secure it against damages if the writ was wrongfully
obtained, and could not inure to the defendant in error
as the assignee of the individual personal property of
Charles Erickson, though it was the same property at-
tached as belonging to the partnership. The assignee
was not a party to the bond, and his rights, if any, in the
property, were not covered by the bond. The assignee
occupied no better position than would a third person not
a party to the suit, whose property might have been at-
tached or who might have claimed the property attached,
as a purchaser from Erickson, and such third person
clearly could claim no rights under the bond. (*Edwards
v. Turner*, 6 Rob. [La.], 382; *Davis v. Commonwealth*, 13
Gratt. [Va.], 139; 1 Shinn, Attachment & Garnishment,

sec. 185; *Mason v. Rice*, 23 N. W. Rep. [Ia.], 384.)  The undertaking of the surety in attachment is to pay such damages as the obligees may sustain by reason of the attachment, "if the order be wrongfully obtained." If the officer, by virtue of the writ, seizes the property of a person other than the one whose property the writ commands him to take, the damages, if any, occasioned by the levy do not arise from the wrongful suing out of the writ, but are the result of its wrongful levy. (*Mason v. Rice, supra.*) In the case at bar the damages, if any, suffered by the assignee were not by reason of the writ of attachment having been wrongfully obtained, but because of its wrongful levy.  The bond was not made for his protection and was not intended to and did not cover or was not security against a wrongful levy on or seizure of property in his possession and to which he had the right; hence no action on the facts as stated in the petition arose in his favor.  It follows from the views expressed that the petition did not state a cause of action in favor of defendant in error, therefore the judgment of the trial court in his favor must be reversed and the cause remanded.

REVERSED AND REMANDED.