The First National Bank of Waterloo, Respondent, v.
Leonard Story, Appellant.

Demand — demand for payment of obligation, under collateral
promise to pay the debt of another, must be alleged and proved.

When a promise is to pay one's own debt for a specified amount on demand,
no demand need be alleged or proved, but when the promise to pay on
demand is not to pay one's own debt, but is a collateral promise to pay
the debt of another, a demand is necessary, for it is part of the cause of
action.

An obligor guaranteed the payment at maturity "upon demand" of cer-
tain indebtedness to be incurred by the debtor as therein stated and
limited, and stipulated that the indemity so given should be valid and
continuous without other or further notice. *Held,* that while there was
an absolute promise to guarantee prompt payment at maturity, still the
guarantor had the right to contract that his liability should not mature
until a demand had been made upon him, which would make the
demand a condition precedent to the right to recover.

The fact that plaintiff accepted a similar contract of guaranty for a suc-
ceeding year, in the absence of evidence to show that such new contract
was designed to destroy the one in suit, does not extinguish its right to
recover on this instrument since the subsequent agreement cannot be
deemed to have been given in renewal of this guaranty or as a substi-
tute therefor, but must be regarded as an independent and distinct con-
tract. (Following *Barnes* v. *Cushing,* 168 N. Y. 542.)

*First National Bank* v. *Story,* 131 App. Div. 472, reversed.

(Argued November 28, 1910; decided January 10, 1911.)

Appeal from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
April 21, 1909, affirming a judgment in favor of plaintiff
entered upon a decision of the court at a Trial Term, a jury
having been waived.

This action was brought upon a written instrument, dated
January 31st, 1901, signed and sealed by the defendant and
five others, and running to the First National Bank of Water-
loo. After appropriate recitals showing its consideration and
purpose, and the relation of the signers as stockholders " or
otherwise" to the Waterloo Organ Company, it proceeds as
follows : " We, the undersigned, do hereby jointly and sever-

ally for ourselves, and our, and each of our heirs, executors and administrators, guarantee and warrant unto the said bank, its successors and assigns, the prompt payment at maturity of each and all the notes, checks, drafts, bills of exchange and other obligations in writing of every name and kind, made, signed, drawn, accepted or endorsed by the said Waterloo Organ Company, which the said bank now has, or which it may hereafter have, hold, purchase or obtain within one year from date hereof, but our liabilities hereunder shall not at any time exceed the sum of $15,000 and interest thereon.

" And in case default is made in the payment at maturity of any of the above-mentioned obligations, or in the payment of any lawful claim or demand held by said bank against said company, we do hereby jointly and severally covenant, promise and agree to pay the same to the said bank, its successors or assigns *upon demand.*

" This instrument is intended to be a full, complete and perfect security and indemnity to the said bank to the extent and for the time above stated, for any indebtedness or liability of any kind owing by the said company to it from time to time and to be valid and continuous without other or further notice to us or to any of us."

The complaint set forth said instrument and alleged that in July, 1901, the plaintiff became the owner of fifteen bonds for $500 each, duly issued on the first of December, 1894, by the Waterloo Organ Company and all payable to bearer on the first of December, 1904. It was further alleged that although said bonds had become due, no part of the principal thereof had been paid, and no part of the interest since December first, 1901. No demand of payment was alleged or proved.

The answer, after a general denial in part, pleaded payment and that said instrument was extinguished by another of like tenor and effect given in renewal thereof in January, 1902, and by the recovery of a judgment thereon for the full limit of $15,000 and interest, and the payment of said judgment by the defendant.

The trial court, after finding the facts substantially as alleged in the complaint, held that the fifteen corporate bonds were obligations of the organ company referred to and that they were covered by the instrument in question. Judgment was directed in favor of the plaintiff for the sum of $7,500 and interest thereon from December 1st, 1901. The defendant appealed to the Appellate Division, where the judgment was affirmed, the presiding justice dissenting, and thereupon a further appeal was taken to this court.

*George E. Zartman* for appellant. The motion by defendant for a nonsuit should have been granted. There is no allegation in the complaint that any demand was made upon this defendant to pay the obligation upon which the organ company had made default, nor is there any evidence of such a demand. (1 Ency. L. & P. 694; *Bunn* v. *Lett*, 65 Hun, 43; *Packard* v. *L. I. R. R. Co.*, 52 Misc. Rep. 98; *Heinemann* v. *Brasch*, 53 Misc. Rep. 552; *Wangle* v. *Swift*, 90 N. Y. 38.)

*J. N. Hammond* for respondent. The claim made by the defendant that a formal demand should have been made of the defendant or of the Waterloo Organ Company and notice thereof given to the defendant before bringing the action is not tenable. (*Cass* v. *Sherman*, 61 Hun, 472; *Cordier* v. *Thompson*, 8 Daly, 172; *Brown* v. *Curtis*, 2 N. Y. 225; *Newcomb* v. *Hale*, 90 N. Y. 327; Baylis' Code Pleading [2d ed.], 192; *F. Nat. Bank* v. *Bacon*, 113 App. Div. 612; 189 N. Y. 533.)

VANN, J. The appellant insists that the plaintiff, by accepting a similar contract of guaranty for the succeeding year, extinguished its right to recover on the instrument in question. Thus far it has been held that in the absence of evidence, either internal or external, to show that the new contract was designed to destroy the one outstanding, it cannot be deemed to have been given in renewal thereof, or as a substitute therefor, but must be regarded as an independent

and distinct agreement. That subject has been sufficiently discussed by well-considered opinions in both of the courts below, where the claim of the defendant was overruled, mainly upon the authority of *Barnes* v. *Cushing* (168 N. Y. 542). We regard that case as conclusive, and pass this point without further discussion.

The appellant further claims, but without argument or the citation of authority, that the judgment should be reversed on account of the failure to allege and prove a demand by the plaintiff upon the defendant before the commencement of the action. The learned Appellate Division held that no demand was necessary, " as it would be useless to ask payment of the bankrupt Organ Company." The question now raised by the appellant, however, in reference to a demand is not that it was necessary to make one upon the Waterloo Organ Company, but upon the defendant.

The first promise by the obligors is to guarantee "the prompt payment at maturity of each and all" the written obligations of the organ company purchased or obtained within one year from the date of the bond, with a limitation of liability at any time to the sum of $15,000 and interest. The second promise is that "In case default is made in the payment at maturity of any" of the obligations named, the obligors "agree to pay the same to the said bank, its successors or assigns upon demand." The next and last paragraph of the instrument contains the declaration that it "is intended to be a full, complete and perfect security and indemnity to the said bank to the extent and for the time above stated   *   *   *   and to be valid and continuous without other or further notice to us or to any of us."

In *Locklin* v. *Moore* (57 N. Y. 360, 362) Judge EARL declared that " A contract could, doubtless, be so drawn that the demand and place of payment would become part of it, so that an action could not be maintained without a demand at the place." He further said, however, that "it is the settled law of this State, announced in many decisions, that when a *specific* sum of money is made payable by the agreement of

the parties, upon demand, or at a specified time, at a particular place, *as against the original debtor*, no demand at the time or place, prior to the commencement of the suit, is necessary. The commencement of the suit is itself a sufficient demand. * * * The argument that in such cases the demand and place of payment are part of the contract, has frequently been made, and, in this state, uniformly overruled. * * * The only benefit the defendant could get from the specification of payment at a particular place is, that if he was ready there to pay, and kept ready, he could set that fact up in his answer and then pay the money into court and allege such payment in his answer, and, thus, shield himself from all liability for interest and costs."

This was said in an action against the original debtor to recover for goods sold payable at a certain place on a day specified and also to recover the proceeds of goods sold by him on commission.

In *Nelson* v. *Bostwick* (5 Hill, 37) the action was against Shumway as principal and Nelson as surety upon a bond, " conditioned to be void if Shumway should pay on demand all costs that might be awarded to the defendants " in a certain action. Judge Bronson, speaking for the court, said : " When a party agrees to pay his own debt on request, it is regarded as an undertaking to pay generally, and no special request need be alleged. But it is otherwise when he undertakes for a collateral matter, or as a surety for a third person. There, if the agreement be that he will pay on request, the request is parcel of the contract, and must be specially alleged and proved. (*Devenly* v. *Welbore*, Cro. Eliz. 85 ; *Hill* v. *Wade*, Cro. Jac. 523 ; *Waters* v. *Bridge*, Id. 639 ; *Birks* v. *Trippet*, 1 Saund. 32, and note (2) ; *Harwood* v. *Turberville*, 6 Mod. 200 ; Com. Dig. Pleader (c. 69) ; *Sicklemore* v. *Thistleton*, 6 M. & S. 9 ; *Carter* v. *Ring*, 3 Camp. 459 ; *Douglass* v. *Reynolds*, 7 Peters, 113 ; 2 Saund. 108, note (3) ; Lawes' Pl. 232, 251 ; 1 Chit. Pl. 363, ed. of '37.) "

The judgment rendered in favor of the plaintiff in that action was reversed because there was neither allegation nor

proof of a demand and a majority of the court refused to award a *venire de novo,* because there was " a fatal error which lies back of the trial." Chief Justice Nelson concurred generally. Judge Cowen concurred in an elaborate opinion and while he thought that a *venire de novo* should be issued he agreed with Judge Bronson as to the principal question. He said : " There are several errors for which this judgment must be reversed. A prominent one is, the failure to prove a demand of Shumway. The condition of the bond means an *actual,* not a mere *constructive* demand, such as the bringing of a suit, or the issuing of an execution. Without saying that the want of demand would be a defense for Shumway, it is clearly so as to Nelson, the surety, the only person who appeared and pleaded. There was no precedent duty upon him independently of the words of the condition, and he might prescribe such preliminaries to his liability as he pleased. A bond to pay a precedent debt, *on demand,* is satisfied by the commencement of the suit itself, which is considered a sufficient demand ; but in case of any engagement to pay a sum *on demand,* or *on request,* not itself due independently of the contract, the terms of the contract must be pursued. A demand, with time and place, must then be averred, and the averment cannot be satisfied without proof of an actual demand." (p. 42.) The learned justice cited the following authorities in addition to those cited by Judge Bronson : *Selman* v. *King* (Cro. Jac. 183) ; *The Case of an Hostler* (Yelv. 66). He then continued : " A promise to save harmless *on request* is an instance. (*Harrison* v. *Mitford,* 2 Bulstr. 229.) This and various other cases to the same effect are cited, 1 Saund. 33, note (2). ' For,' adds the editor, ' a request is *parcel* of the contract, and must be proved ; and *no action* arises until a request be made.' ( *Vid. Douglass* v. *Howland,* 24 Wend. 51, and several books there cited to the same point.) In *Harwood* v. *Turberville* (6 Mod. 200) the defendant became surety by bond to pay a previous debt of his mother, *on demand ;* and a special request was held necessary to charge him." (p. 42.)

The cases cited by the learned judges faithfully support the conclusions announced, and in their discussion no notice is taken of the fact that the bond was an undertaking required by statute, which, apparently, was regarded as immaterial.

In *Devenly* v. *Welbore* (1 Cro. Eliz. 85), the surety promised that if one Percy " did not pay him (the plaintiff) yearly upon request ten pounds and ten loads of faggots, that he would pay them." It was held that the request was material and ought to be expressly alleged.

In *The Case of an Hostler* (Yelv. 66) the court said : " Where the ground of the action is for a debt, in which case the law implies the promise, there the request is not issuable, nor parcel of the consideration. Otherwise where the action is founded upon a mere collateral matter, and not upon a duty, for there the request is issuable, and ought to be expressly alleged."

In *Birks* v. *Trippet* (1 Saund. 31) counsel argued that where a mere duty is promised to be paid upon request, there need be no actual request, but where a collateral sum is promised to be paid upon request, there must be an actual request. One of the justices interrupted and said, " The court is of your opinion and the matter clear," and judgment was thereupon rendered on the theory that a demand was necessary.

In *Harwood* v. *Turberville* (6 Mod. 200, case 293) the court said : " If a man be bound to pay money on default of payment by another, but is not the original debtor, there he is not chargeable until special request made of him who was to pay it."

In *Carter* v. *Ring* (3 Campbell, 459) the covenant of a surety was to pay on demand if the principal debtor failed to pay, and Lord Ellenborough held that " The plaintiff was bound to prove a demand before action brought."

In *Sicklemore* v. *Thistleton* (6 Maul. & S. 9) the defendant's covenant was to pay to the plaintiff on demand certain rent reserved if the lessee should neglect to pay it for forty

days. It was held that the defendant was not chargeable until after forty days, nor until demand made. The case received elaborate consideration, every justice, including Lord Ellenborough, writing an opinion.

*Nelson* v. *Bostwick* (*supra*) has been frequently cited, but never criticised or overruled so far as the point in question is concerned.

Thus, in *Pennsylvania Coal Co.* v. *Blake* (85 N. Y. 226, 235), Chief Judge Folger said : " The appellant is a surety, and demand of the principal is part of the contract (*Nelson* v. *Bostwick*, 5 Hill, 37); it is one of the conditions precedent to her obligation to pay."

In *McMullen* v. *Rafferty* (89 N. Y. 456, 459) Judge Earl said : " If the defendant had made it a part of his collateral contract of guarantee that the maker should pay the notes upon demand, then his obligation would not have matured until an actual demand of payment had been made upon the maker. (*Nelson* v. *Bostwick*, 5 Hill, 37.) " (See, also, *Beers* v. *Shannon*, 73 N. Y. 292, 302; *Wangler* v. *Swift*, 90 N. Y. 38; *Cass* v. *Shewman*, 61 Hun, 472, 478; *Bunn* v. *Lett*, 65 Hun, 43 ; *Miller* v. *City of Buffalo*, 1 Sheld. 490, 492.)

The promise in the case before us was neither to pay nor to guarantee the payment of a specific sum of money, for no amount was mentioned except to limit the liability. The obligations upon which the recovery was based did not belong to the plaintiff at the date of the bond. While then in existence as valid obligations of the organ company, they did not become the property of the bank until about five months after the bond was given and did not become due until several years later. Without a demand, therefore, the defendant could not know what, or how much he was to pay, unless he learned by inquiry or accident. Nor could he know, except as aforesaid, when he was to pay, for the promise was to " guarantee the prompt payment at *maturity* of " all checks, notes, etc., and " other obligations in writing " of the principal debtor, as well as any " lawful claim " against him.

While there was an absolute promise to guarantee prompt

23

payment at maturity, still the guarantor had the right to contract that his liability should not mature until a demand had been made upon him, which would make the demand a condition precedent to the right to recover. A surety may desire to have notice of the amount of his principal's default and a chance to pay without suit, and he may so stipulate. The promise to guarantee prompt payment at maturity should be read with the promise in case of default by the principal to pay " upon demand," and while there is an absolute promise to guarantee payment at maturity, there is no promise to pay " in case of default," except " on demand." Both of said promises should also be read in connection with the final declaration and the waiver of " other or further notice to us or to any of us." The words " other or further " must have a function to perform, and they imply that a notice of some kind was to be given to the obligors. The notice excluded may have been notice of each debt as it was acquired by the plaintiff, as some authorities hold necessary (*Douglass* v. *Howland*, 24 Wend. 35, 49), but unless the notice included relates to a demand, the words " other and further " impress me as meaningless.

The intention of the parties should govern, and if the terms had been to pay " on demand and not otherwise " there would have been no doubt as to that intention; yet it seems to me that, logically, the meaning of the instrument in its present form is the same as if the form supposed had been used. How would the obligor express his intention? He might promise to pay only on demand, or after due demand, or provided a demand is first made, but unless this was meant, what was meant by the promise as made? Why was the word " demand " used? What function has it to perform? Can it be disregarded and yet effect given to the intention of the parties? Can it be held that the meaning would be the same without it as with it? Can it be logically said that a promise to pay on demand differs in no legal aspect from a promise to pay without a demand?

I think that when a promise is to pay one's own debt on

demand, none is required, because the law implies a promise to pay and the express promise forms no part of the consideration and adds nothing to the obligation. When, however, the promise is not to pay one's own debt but the debt of another yet to come into existence, on demand, there is no precedent duty, and the obligation to pay rests wholly on the promise in the form made, and the promise is binding only in the form made. As according to the promise nothing was payable except on demand, there could be no breach until demand made. " When there is a duty which the law makes payable on demand there need be none alleged, but otherwise where there is no duty until a demand."

To the contention that the obligor is not harmed in the one case more than in the other because he can avoid liability for costs in one the same as in the other, the obvious answer is that he was not bound to pay at all except by his collateral promise and he had the right to limit that promise by annexing any condition that he saw fit.

I think that upon principle as well as authority the following propositions should be announced as the law :

1. When the promise is to pay one's own debt for a specified amount on demand, no demand need be alleged or proved.

2. When the promise to pay on demand is not to pay one's own debt, but is a collateral promise to pay the debt of another, a demand is necessary, for it is part of the cause of action.

When a promise to pay on demand is a material part of the only contract made and enters into the consideration therefor, whether a demand is necessary even if the debt contracted is one's own, is a question not now before us, and we do not pass upon it.

The judgment should be reversed and a new trial granted, with costs to abide event.

Cullen, Ch. J., Gray, Haight, Willard Bartlett, Hiscock and Collin, JJ., concur.

Judgment reversed, etc.