(161 App. Div. 360)

### CONNER v. CHELLIS et al.

(Supreme Court, Appellate Division, Third Department. March 4, 1914.)

ACCOUNT, ACTION ON (§ 2*)—DEMAND.

> While no demand is necessary to the maintenance of an action upon a liquidated demand, no action can be maintained for the balance due upon a mutual account between the parties without previous demand, where the defendants have acted as bankers for plaintiff, accepting orders for cash drawn upon them.
>
> [Ed. Note.—For other cases, see Account, Action on, Cent. Dig. §§ 1, 2; Dec. Dig. § 2.*]
>
> Kellogg and Lyon, JJ., dissenting.

Appeal from Clinton County Court.

Action by Hiram Conner against Albert Chellis and another, begun in Justice Court. From a judgment of the County Court in favor of plaintiff and reversing the judgment of the Justice's Court, defendants appeal. Reversed, and judgment of the justice affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Egbert C. Everest, of Plattsburg, for appellants.

Barnard & Barnard, of Plattsburg (H. E. Barnard, of Plattsburg, of counsel), for respondent.

HOWARD, J. From the meager record presented to us, it is not possible for this court to tell which of the parties was indebted to the other; and, the county judge having written no opinion, neither is it possible for us to determine by what process of computation he arrived at the conclusion that the defendants were indebted to the plaintiff in the sum of $7.68, with interest. From the defendants' book account,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as disclosed by their bill of particulars, a small balance seems to have been due the plaintiff; but, assuming this to be so, the question then arises: Can the plaintiff recover?

The plaintiff was a farmer. The defendants were country merchants; they also conducted a creamery. The plaintiff bought goods from the defendants. The defendants purchased farm products and milk from the plaintiff. The plaintiff also drew orders on the defendants for cash. The defendants kept a book account of these transactions, such as is ordinarily kept in country stores. The plaintiff made no demand upon the defendants for a settlement of this account and no demand for the payment of any balance which he may have believed to be due him. Under these circumstances, can the plaintiff recover?

There is a rule of law well established which has been stated as follows:

"It is the settled law of this state, announced in many decisions, that when a specific sum of money is made payable by the agreement of the parties, upon demand, or at a specified time, at a particular place, as against the original debtor, no demand at the time or place, prior to the commencement of the suit, is necessary." First National Bank v. Story, 200 N. Y. 346, 93 N. E. 940, 34 L. R. A. (N. S.) 154, 21 Ann. Cas. 542.

It was upon the strength of this rule, as we gather from the briefs of counsel, that the county judge concluded that the plaintiff herein could maintain his suit without having first made a demand. But we do not think this rule can be held to apply to the circumstances here. No specific sum of money was made payable by the agreement of the parties; neither was it made payable at a specified time, nor at a particular place. In fact, the apparent understanding between the parties, the course of business between them, and the custom of the neighborhood all indicate that a settlement of the account and the striking of a balance was contemplated before either became obligated to the other. There having been no specific agreement between the parties, we can only spell out the terms of the contract from the nature of the transactions. It cannot be supposed in this case that the defendants had tacitly or otherwise agreed to become instantly liable without any demand for each item of product or milk purchased from this plaintiff in this running account. The defendants acted in some respects as bankers for the plaintiff; he drew on them for cash. The rule governing transactions with banks is therefore more nearly applicable here. That rule has been stated in these words:

"Under the terms of the contract implied in the transaction of receiving money on deposit, a bank is not under the obligation of a common debtor to go after his customer and return the deposit whenever he may be found, but its implied engagement with the depositor is to pay whenever payment shall be demanded." Amer. & Eng. Enc. of Law, vol. 9, p. 200.

The amount in dispute is insignificant compared to the cost of the litigation, and no great principle is involved. However, the matter having come here for determination, we think the judgment of the County Court should be reversed, and the judgment of the Justice's Court affirmed, with costs to the appellant in this court and in the County Court. All concur, except KELLOGG and LYON, JJ., who dissent.

JOHN M. KELLOGG, J. (dissenting). A man who for petty spite sues his neighbor for a few dollars' balance of an open account, without a demand of payment, is not entitled to great consideration; nevertheless the plain rules of law cannot be ignored in order to beat him.

The defendants' bill of particulars shows that they owed the plaintiff $4.80. A part of the account, $3.81, however, was for milk delivered from the plaintiff's farm to the defendants' factory in September, 1911, and, according to the agreement of the parties, milk was not to be credited until the end of the month. Omitting this item, the plaintiff was clearly entitled to a judgment of $.99.

By section 386 of the Code of Civil Procedure, entitled "When action accrues on current account," it is provided that, in an action brought to recover a balance upon such an account, a cause of action is deemed to have accrued from the time of the last item proved in the account on either side. This announces the rule as it has always been understood. The account in this case was for merchandise sold. The only possible question about a term of credit is as to the milk which was to be credited at the end of each month. At the time the action was brought, upon the theory most favorable to the defendants. there was $.99 due to the plaintiff. Their bill of particulars having credited the $3.81 for September milk, that may properly be added.

The judgment should be modified by reducing the recovery of the plaintiff to $4.80, and, as so modified, affirmed, without costs.

LYON, J., concurs.