[L. A. No. 5336.    Department One.—May 7, 1920.]

E. MAY LUTZ, Respondent, v. PAYNE BROWN, Appellant.

[1] DEMAND—MONEY OBLIGATION—COMMENCEMENT OF ACTION.—In the case of a primary obligation to pay money on demand, the institution of an action for the recovery of the money is the only demand necessary.

[2] ID. — PROMISSORY NOTE — DEFICIENCY AFTER SALE OF PLEDGED STOCK—ACTION FOR RECOVERY—DEMAND UNNECESSARY.—A provision in a promissory note secured by a pledge of stock to pay· the holder of the note any deficiency "upon demand" after sale of stock and application of proceeds, does not require a demand for such deficiency before an action can be maintained for its recovery.

·APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. E. Kirk and E. O. Holley for Appellant.

A. C. Mouser, J. De La Motte and John W. Rummage for Respondent.

OLNEY, J.—This is an appeal upon the judgment-roll alone from a judgment against the defendant. The action was upon a promissory note, payable sixty days after date, executed by the defendant and another as joint makers in favor of the plaintiff. The trial court specifically found that the defendant was not a surety. The note was secured

by the pledge of certain shares of stock under a pledge agreement incorporated in the note and which, after providing that the holder of the note might sell the security in case of default and apply the proceeds on the debt, further provided: "And the undersigned (the defendant) agrees to pay the holder thereof any deficiency upon demand." Default was made in the payment of the note and the plaintiff sold the security, applied the proceeds on the debt, leaving a deficiency, and then, without demand upon the defendant, brought the present action to recover the deficiency and obtained judgment for it.

The sole point presented on appeal is that by virtue of the provision quoted from the pledge agreement whereby defendant agreed to pay any deficiency after sale "upon demand," a demand was necessary before the plaintiff could maintain an action for such deficiency. [1] But the rule is thoroughly well established that in the case of a primary obligation to pay money on demand the institution of an action for the recovery of the money is the only demand necessary. This is almost a matter of common, as distinguished from legal, knowledge in the case of notes or bills payable on demand. It applies equally, however, to money obligations generally, and this has been explicitly decided in this state, and that in a case where, as here, the obligation was for the deficiency existing after the sale of securities. (*Halleck* v. *Moss,* 22 Cal. 266.) [2] Between this decision and the present case there is no possible distinction. Defendant's counsel cite *First National Bank* v. *Story,* 200 N. Y. 346, [93 N. E. 940, 21 Ann. Cas. 542, 34 L. R. A. (N. S.) 154], in support of their position. But there the action was upon the obligation of a surety, the decision is expressly put upon the distinction between such an action and one upon a primary obligation, and the general rule in regard to an action of the latter character is recognized. Here, as we have said, there is a direct finding that the defendant was not a surety. We cannot avoid the conclusion that the appeal is frivolous and taken for delay.

Judgment affirmed and let there be added to the costs against the appellant the sum of $250 as damages for an appeal taken for delay.

Shaw, J., and Lawlor, J., concurred.