MARYLAND CASUALTY COMPANY, A CORPORATION, APPELLEE, v. JOHN P. MUNNELLY, DOING BUSINESS AS MUNNELLY CONSTRUCTION COMPANY, APPELLANT.

112 N. W. 2d 772

Filed December 1, 1961. No. 35019.

*Shrout & Foley,* for appellant.

*Story, Pilcher & Howard,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an action to recover the balance of the premiums due on 23 contractor's performance and maintenance bonds. The trial court found for the plaintiff and entered judgment for $1,974.14. The defendant has appealed.

The evidence shows that the defendant was engaged in the contracting business in the city of Omaha. He entered into 23 separate grading-and-paving contracts for fixed amounts with the city of Omaha. He was

required to give performance and maintenance bonds on each of the contracts. The plaintiff furnished the bonds in the amount of the contract price. Defendant paid the premiums on the face amount of the bonds at the established rates per thousand dollars. The defendant has refused to pay the premium for extra work performed and paid for by the city of Omaha in connection with these 23 contracts. There is no dispute in the record as to the amount of the extra work performed. The amount of the judgment includes a liability of $539.09 for insurance premiums which was not contested in the trial court.

The only question for determination is whether or not a surety company may collect an additional premium based on extra work performed by a contractor where the accepted application provides: "Should the contract price exceed the amount stated in paragraph 9 hereof, the undersigned agrees to pay the Maryland Casualty Company on demand as excess or additional premium a further sum, calculated for such excess contract amount at the rate per $1,000 thereof applicable to the initial contract premium or charge; and should the contract price be less than the amount stated in paragraph 9 hereof, the Company will refund to the undersigned, as return premium, a sum calculated at the same rate per $1000 on the difference between the stated contract price and the actual contract price." The accepted applications further provided in part: "If the contract or specifications carries a guarantee or maintenance provision extending the bond beyond acceptance of the work, the undersigned agrees to pay, upon execution of the bond, and in addition to above construction premium or charge, a maintenance premium or charge * * * for such term, * * *."

It was the contention of the defendant in the district court that the extra work was performed under a separate contract and that, no second bond having been given, defendant was under no obligation to pay for

bond coverage on the extra work. In this respect each of the contracts with the city of Omaha provided: "The contractor shall also do such extra work in connection with this contract as the City Engineer may especially direct in writing; if it be of a kind for which no price is stated in this contract, such price shall be fixed by the City Engineer, subject to modification and approval by the City Council; but no claim for extra work shall be allowed unless the same was done in pursuance of special orders as aforesaid, in writing, or otherwise stated on plans." The extra work was performed and paid for in the manner provided by the contracts. It was done pursuant to the contracts and the plaintiff's bonds clearly covered the work under the provisions of the applications accepted by the plaintiff. The contracts of defendant with the city provided for maintenance for a period of 5 years. The rate on the performance provisions of the bonds was shown to be $7.50 per $1,000 and on the maintenance provisions it was $2 per year per $1,000 after the first year on the amount paid for the extra work. The rate is not questioned. The defendant was clearly liable for the performance and maintenance bonds at the established rate on the price paid for the extra work as the trial court found.

It is contended by the defendant on appeal that certain blanks in the application requiring the insertion of rates were not filled in and that the contracts with respect thereto are without legal effect. From this premise it is argued that in such a situation the amount of the premiums is based on the amount of liability assumed by the plaintiff under the bonds. It is then contended that some of the extra work was of a type that required no maintenance and that premiums were not properly chargeable on such nonmaintainable work. The accepted applications clearly show that the premiums were based on the amount paid for the extra work and not on maintainable work only. The finding that the extra work was performed in accordance with the orig-

inal contracts between the defendant and the city of Omaha makes the contractual provision that the premiums were to be calculated on the amount paid applicable and controlling. The defendant is obligated to pay the premium on the amount paid for the extra work at the same rates paid on the original contract price.

But in any event, the foregoing questions are not before this court. They were not raised in the trial court and the motion for a new trial contains no assignment of error relating to them.

This court has repeatedly held that a litigant may not change his position in the appellate court and set up issues not raised in the trial court or called to the attention of the trial court in his motion for a new trial. Dunbier v. Rafert, 170 Neb. 570, 103 N. W. 2d 814; Crunk v. Glover, 167 Neb. 816, 95 N. W. 2d 135. The only defense pleaded in the trial court was payment. Defendant is precluded in this court from asserting defenses not pleaded and presented in the trial court, or any error with reference thereto not preserved in his motion for a new trial. This is consistent with the rule that cases will be disposed of on appeal on the theory on which they were presented to the trial court by the parties. Durfee v. Keiffer, 168 Neb. 272, 95 N. W. 2d 618.

The judgment of the trial court is in all respects correct and its judgment is affirmed.

AFFIRMED.