ARTHUR FULMER ST. LOUIS, INC., APPELLEE, V.
AUTO-RE-NU-INC. ET AL., APPELLANTS.

131 N. W. 2d 89

Filed October 23, 1964. No. 35705.

Webb, Kelley, Green & Byam, for appellants.

Crawford, Garvey, Comstock & Nye, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an action at law to recover amounts due the plaintiff, Arthur Fulmer St. Louis, Inc., for merchandise sold to the defendant, Auto-Re-Nu-Inc. The defendant, James D. Borland, Jr., is the president of Auto-Re-Nu-Inc. The defendant, M. J. Flannigan, is a stockholder of Auto-Re-Nu-Inc.

The first cause of action arose out of a $12,000 order sold to Auto-Re-Nu-Inc., on or about April 1, 1961. As a part of this transaction Auto-Re-Nu-Inc., and Borland and Flannigan executed separate promissory notes payable in installments. There was a balance due on these notes of $8,000 with interest.

The second cause of action was for the balance due the plaintiff for merchandise sold to Auto-Re-Nu-Inc. on open account after April 1, 1961. Borland and Flannigan had executed separate written guaranty agree-

ments which provided that if invoices to Auto-Re-Nu-Inc. from the plaintiff were not paid when due, Borland and Flannigan would pay them "on receipt of written demand therefor." The balance due the plaintiff on open account was $3,275.26 with interest.

The jury returned a verdict for the plaintiff and against all defendants on both causes of action. The defendants' motion for new trial was overruled and they have appealed.

The assignments of error relate to the plaintiff's failure to plead and prove written demand upon the promissory notes and guaranty agreements and a contention that the promissory note of Auto-Re-Nu-Inc., referred to in the first cause of action, contained words of cancellation upon its face. These are the only matters which need to be considered by this court in disposing of the appeal.

The liability of each defendant to the plaintiff upon the promissory notes was that of a maker. Presentment for payment is not necessary in order to charge the person primarily liable upon a promissory note. § 62-170, R. R. S. 1943. Furthermore, the notes provided that demand was expressly waived by all makers and guarantors. Thus, the plaintiff was not required to plead or prove any demand upon the promissory notes.

The guaranty agreements signed by Borland and Flannigan each provided as follows:

"* * * I hereby guarantee to you payment of all sums which shall hereafter become due to you for invoices for merchandise sold to Auto-Re-Nu-Inc. - Omaha - Nebraska, and I further agree that if said invoices shall not be paid when due I will pay same promptly on receipt of written demand therefor."

There is no issue in this case with respect to notice of default. Borland and Flannigan do not contend that they did not have notice of the failure of Auto-Re-Nu-Inc. to pay its invoices when due or that they should be released from liability because they were damaged

by a failure of the plaintiff to give notice of default within a reasonable time.

The issue here is whether the plaintiff was required to allege and prove a written demand upon Borland and Flannigan because the contract contained an express provision for written demand. The defendants rely upon First Nat. Bank of Waterloo v. Story, 200 N. Y. 346, 93 N. E. 940, 34 L. R. A. N. S. 154, 21 Ann. Cas. 542, which held that a demand is necessary to enforce a collateral promise to pay the debt of another where the agreement is to pay upon demand.

The guaranty agreement involved in this case was an absolute promise to pay the amounts due the plaintiff for merchandise sold to Auto-Re-Nu-Inc. · A written demand made simultaneously with the filing of the action would be a full compliance with the written demand requirement of the guaranty agreement. In such a situation we believe that the better rule is that the petition of the plaintiff satisfies the requirement of a written demand and that the plaintiff is not required to allege or prove a written demand. See Texas Water Supply Corp. v. Reconstruction Finance Corp., 204 F. 2d 190.

The last assignment of error refers to the notation, "Void 4-13," which appears in the lower margin of the promissory note of Auto-Re-Nu-Inc. The defendant Auto-Re-Nu-Inc. contends that the notation amounted to a cancellation and that the plaintiff cannot recover upon the note in the absence of proof that the cancellation was inoperative.

The notation appears to have been made with a pencil and the marking is very faint. The notation appears at the extreme lower edge of the document, and it is doubtful whether it could be considered to be a cancellation of the instrument.

Auto-Re-Nu-Inc. made no contention in the trial court that its promissory note had been canceled. Its answer admitted the execution of both promissory notes

as alleged by the plaintiff and alleged that the promissory note and guaranty agreements executed by Borland and Flannigan were "in fact secondary to and in guaranty of the purported obligation of this answering defendant." This allegation is binding upon Auto-Re-Nu-Inc., and it cannot now contend that its note was canceled. A litigant may not change his position in this court and set up issues not raised in the trial court. Maryland Casualty Co. v. Munnelly, 172 Neb. 827, 111 N. W. 2d 772.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.

CARTER, YEAGER, and BROWER, JJ., dissenting.

We are in accord with the view that presentment for payment is not necessary in order to charge a person primarily liable upon a promissory note. But we are not in agreement that a guarantor is subject to the same rules as one primarily charged because of the nature of his relation to the creditor and his right to contract as to the extent of his guaranty.

Where a guaranty contract provides "if said invoices shall not be paid when due I will pay same promptly on receipt of written demand therefor," a written demand is necessary to put the guarantor in default and, consequently, it is a condition precedent to the arising of the cause of action. The reasoning supporting this position is well stated in First National Bank of Waterloo v. Story, 200 N. Y. 346, 93 N. E. 940, 34 L. R. A. N. S. 154, 21 Ann. Cas. 542, as follows: "'There are several errors for which this judgment must be reversed. A prominent one is, the failure to prove a demand of Shumway. The condition of the bond means an actual, not a mere constructive demand, such as the bringing of a suit, or the issuing of an execution. * * * There was no precedent duty upon him independently of the words of the condition, and he might prescribe such preliminaries to his liability as he pleased. A bond to pay a

precedent debt, on demand, is satisfied by the commencement of the suit itself, which is considered a sufficient demand; but in case of any engagement to pay a sum on demand, or on request, not itself due independently of the contract, the terms of the contract must be pursued. A demand, with time and place, must then be averred, and the averment cannot be satisfied without proof of an actual demand.' * * * The promise in the case before us was neither to pay nor to guarantee the payment of a specific sum of money, for no amount was mentioned except to limit the liability. The obligations upon which the recovery was based did not belong to the plaintiff at the date of the bond. While then in existence as valid obligations of the organ company, they did not become the property of the bank until about five months after the bond was given and did not become due until several years later. Without a demand, therefore, the defendant could not know what, or how much he was to pay, unless he learned by inquiry or accident. Nor could he know, except as aforesaid, when he was to pay, for the promise was to 'guarantee the prompt payment at maturity of' all checks, notes, etc., and 'other obligations in writing' of the principal debtor, as well as any 'lawful claim' against him. While there was an absolute promise to guarantee prompt payment at maturity, still the guarantor had the right to contract that his liability should not mature until a demand had been made upon him, which would make the demand a condition precedent to the right to recover. A surety may desire to have notice of the amount of his principal's default and a chance to pay without suit, and he may so stipulate. The promise to guarantee prompt payment at maturity should be read with the promise in case of default by the principal to pay 'upon demand,' and while there is an absolute promise to guarantee payment at maturity, there is no promise to pay 'in case of default,' except 'on demand.' " The foregoing states the general rule in this country. 24 Am. Jur., Guaranty, § 120, p.

951; 38 C. J. S., Guaranty, § 62, p. 1222; Restatement, Contracts, § 264a, p. 379.

A textwriter states the rule as follows: "A conditional guaranty expressly or impliedly contemplates, as a condition precedent to the guarantor's liability, the happening of some contingent event or the performance of some act on the part of the creditor. Accordingly, where there is a conditional guaranty, mere failure of the debtor to pay at maturity does not make the guarantor liable, and enforcement may not be secured against the guarantor until the event has occurred or the act performed. It may be that the guaranty stipulates merely notice or demand on the debtor or the guarantor or both." Stearns, Law of Suretyship, § 4.6, p. 66.

In W. T. Rawleigh Co. v. Smith, 142 Neb. 527, 7 N. W. 2d 80, this court said: "A surety cannot be held beyond the precise terms of his contract. Any intention on the part of the surety to assume a further and continued liability must be found in the words of the contract made. It is not a matter of inference, but of express statement. The liability of a surety, therefore, is measured by, and will not be extended beyond, the strict terms of his contract." See, also, Hopewell v. McGrew, 50 Neb. 789, 70 N. W. 397. The liability of a guarantor is the same as that of a surety on this question. Restatement, Security, § 82g, p. 231.

"Furthermore, by the great weight of authority, the guarantor of the performance of a definite existing obligation, due at specified future time, is not released by want of demand upon his principal or notice of the latter's default, unless demand and notice are specially stipulated for in the contract, for his promise is absolute, and he is in default the moment the principal is in default by the very terms of his undertaking." Spencer, Suretyship, § 184, p. 254. See, also, Huff v. Slife, 25 Neb. 448, 41 N, W. 289, 13 Am. S. R. 497; Flentham v. Steward, 45 Neb. 640, 63 N. W. 924; Lemmert v. Guthrie

Bros., 69 Neb. 499, 95 N. W. 1046, 111 Am. S. R. 561, 62 L. R. A. 954.

The majority opinion relies on Texas Water Supply Corp. v. Reconstruction Finance Corp., 204 F. 2d 190. But in that case the court cited the terms of the contract of guaranty to the effect that guarantor would pay "in like manner as if such amount constituted the direct and primary obligation of the undersigned" and applied the rule applicable to one primarily liable on the obligation. Even so, we have found no other authority that supports the principle of that case.

We concede that a relaxation of the rule might be proper where the creditor pleads and proves notice or knowledge, the want of prejudice to the guarantor, and that the making of a demand would be a vain thing. See Pennsylvania Coal Co. v. Blake, 85 N. Y. 226. But the rule here announced by the majority goes far beyond any such exception. It makes a guarantor's conditional guaranty an absolute guaranty by judicial fiat.

We submit that the majority opinion ignores the fundamental differences between a primary and secondary liability, deprives a guarantor of his right to contract the conditions of his liability, and changes a fundamental rule of long standing without logical reason or the citation of controlling authority.