THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE PROVIDENT SAVINGS LIFE ASSURANCE SOCIETY, Appellant, *v.* NATHAN L. MILLER, as Comptroller of the State of New York, Respondent.

(Submitted December 12, 1904; decided December 30, 1904.)

MOTION for reargument. (See 179 N. Y. 227).

O'BRIEN, J. There is nothing in the opinion in this case to justify the assumption in the motion for reargument that

the tax was supposed to be and treated by the court as a property tax. On the contrary, it is plainly stated in the opinion that it is a franchise tax and nothing else. But a franchise tax like a transfer tax must ultimately rest upon and affect property of some kind or description. It cannot be paid out of the franchise, but in this case from the assets or business of the corporation. We may properly call the tax a franchise tax, but whatever name is given to it the burden is to be borne by the assets or business of the corporation. What business? Is it the business transacted or growing out of contracts made years ago before any such tax was thought of, or only such business and contracts as originate on or after the date when the law takes effect?

It may be true that the legislature has the power to measure the tax in either way, but if it intended that the burden should rest on past contracts or transactions as well as future contracts or transactions, that intention should be expressed in words so clear as to leave no room for construction. In this case we have construed the words of the statute as applicable only to future business arising from future contracts. That is all we decided. Every tax by whatever name it is called must rest upon and become a burden on some kind of property. When the burden rests upon the income or receipts of corporate businesss as in this case, in the absence of clear language to the contrary, the statute should be construed as applying to future business and not to past transactions. If there is any ambiguity in the statute it should be resolved in favor of the taxpayer and not in favor of the state.

The motion should be denied, with $10 costs.

Gray, Bartlett, Haight, Vann and Werner, JJ., concur. Motion denied.