MANHATTAN LIFE INSURANCE COMPANY, Appellant, *v.* HAM-
MERSTEIN OPERA COMPANY and Others, Respondents.

First Department, November 9, 1917.

**Receiver — suit to foreclose mortgage — when receiver should not
be appointed on motion of mortgagor.**

Where a mortgagor conveyed the mortgaged lands under an agreement
that the grantee would manage the property for a salary and a percentage
of profits and reconvey on demand to the mortgagor and the grantee,
a corporation, being unsuccessful, turned over all its capital stock to the
mortgagee to whom it thereafter paid rents as received from the property
so that the mortgagee is practically a mortgagee in possession, a receiver
in a suit to foreclose should not be appointed on motion of the mortgagor
where there is no proof that the property is improvidently managed or
that the plaintiff mortgagee is irresponsible and the receiver would have
nothing to do except to collect the rents.

APPEAL by the plaintiff, Manhattan Life Insurance Com-
pany, from an order of the Supreme Court, made at the New
York Special Term and entered in the office of the clerk of the
county of New York on the 30th day of August, 1917, grant-
ing a motion made by the defendant Hammerstein Opera
Company for the appointment of a receiver and appointing
a receiver in a foreclosure action.

*Warren Leslie*, for the appellant.

*Albert Massey*, for the respondents.

SHEARN, J.:

This case presents the very unusual situation of a receiver-
ship of rents and profits procured by a defendant in an action
to foreclose a mortgage. The defendant Hammerstein Opera
Company on May 28, 1914, to secure its bond of even date for
$450,000, made the mortgage which is in default. On March
26, 1915, apparently to attempt to avoid a covenant to one
Proctor not to give vaudeville performances in the district
within which its property, the Lexington Avenue Opera House,
was located, the Hammerstein Opera Company conveyed the
property to the defendant Gersten-Kramer Amusement

Company, upon the alleged parol agreement that the amusement company would manage the opera house at a salary of $60 per week and a small percentage of the profits and, upon demand, reconvey the property to the opera company, which, at the time of the execution of the deed, took a third mortgage on the property from the amusement company in the sum of $300,000, due three years after date, with interest at two per cent. The enterprise was soon in difficulties and the opera company failed to pay the plaintiff an installment on the mortgage under foreclosure due May 28, 1915, and taxes for the second half of 1914. On plaintiff's threatening foreclosure proceedings the amusement company turned over all of its capital stock to the plaintiff, to whom it thereafter paid such rents as were received from the property. No matter what the cause nor whose the responsibility, the enterprise was not thereafter successful, and this suit to foreclose the $450,000 mortgage was commenced on August 3, 1916. The usual application for a receiver of rents and profits was not made by the plaintiff as it was to all intents and purposes practically a mortgagee in possession. The defendant Hammerstein Opera Company interposed an answer denying any breach of the conditions of the bond and mortgage and alleging as a defense that since March 26, 1915, the plaintiff has had full control and management of the mortgaged premises and the collection of all revenues arising therefrom and has excluded the opera company therefrom; that the use of the premises if properly managed is of the reasonable value of at least $200,000 per annum; and that plaintiff has or ought to have received from the premises income far in excess of the sums alleged to be due. As a further defense and counterclaim, the opera company alleges that it paid to the plaintiff a bonus of $40,000 upon procuring the loan secured by the mortgage, induced thereto by false representations. Finally, as a separate defense and counterclaim, defendant alleges that shortly after March 26, 1915, it demanded of plaintiff and of the defendant amusement company that they convey the premises and possession thereof to the opera company which demand has been refused. Upon the pleadings and upon affidavits attempting to support the allegations in the answer, the opera company has procured the appointment

of a receiver of the rents and profits, basing its right thereto upon section 713 of the Code of Civil Procedure, subdivision 1 of which authorizes the appointment of a receiver: "Before final judgment, on the application of a party who establishes an apparent right to, or interest in, the property, where it is in the possession of an adverse party, and there is danger that it will be removed beyond the jurisdiction of the court, or lost, materially injured, or destroyed." Obviously the property cannot be removed beyond the jurisdiction, and, therefore, the right to a receivership must depend upon proof that the property is being so improvidently managed that it will be materially injured before a judgment can be had. Passing the point, which is well taken, that there is no sufficient evidence to warrant any such conclusion, a receiver should not be appointed in such a case as this on the application of a defendant where the plaintiff is shown, as here, to be amply responsible and where the plaintiff would itself have been entitled to the appointment of a receiver but has refrained from saddling the expense of a receivership upon an already over-burdened property. The opera house is under lease to the Chicago Opera Association at $45,000 per annum net and the lease will not expire until June 1, 1918. There would be nothing for the receiver to do except to collect the rents. Under the circumstances disclosed, with an entirely responsible plaintiff, there was no sufficient ground for the appointment of a receiver.

The order should be reversed, with ten dollars costs and disbursements, and wholly vacated and set aside.

CLARKE, P. J., SCOTT, SMITH and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and order vacated.