THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK LIFE INSURANCE COMPANY, Relator, *v.* M. J. WALSH and Others Constituting the State Tax Commission, and STATE TAX DEPARTMENT, Respondents.

Third Department, July 7, 1921.

**Taxation — franchise tax on life insurance company — Tax Law, § 187, as amended by Laws of 1917, chapter 796, construed and applied — dividends paid to policyholders on deferred plan deductible from gross income — premiums refunded on cancellation of policies deductible.**

In construing chapter 796 of the Laws of 1917, amending section 187 of the Tax Law, the courts will take into consideration the title of the act, the general scope and design of the law, the evils sought to be remedied or the benefits attained and will so construe the law as to accomplish the object the Legislature had in view.

Section 187 of the Tax Law is applicable to domestic life insurance companies as well as to fire insurance companies.

In determining the franchise tax under said section, as amended, all dividends to policyholders whose policies are on the deferred dividend plan, and all premiums refunded to policyholders on the cancellation of their policies should be deducted from the gross amount of premiums received.

JOHN M. KELLOGG, P. J., and COCHRANE, J., dissent.

CERTIORARI issued out of the Supreme Court and attested on the 21st day of August, 1920, directed to M. J. Walsh and others, constituting the State Tax Commission, and State Tax Department, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in overruling the relator's application for a revision of its franchise tax.

*Louis H. Cooke, Richard Hartshorne* [*James H. McIntosh* of counsel], for the relator.

*Charles D. Newton, Attorney-General* [*C. T. Dawes, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

The State Tax Commission has made an assessment against the relator for the year 1917, under the provisions of section 187 of the Tax Law, upon the basis of the report of the relator in 1918 showing its gross premiums received during the preceding calendar year, without deductions for cancellations, dividends or reinsurance, amounting to $18,162,526.12. From the gross amount of premiums thus reported the relator deducted $3,707,503.48 as premiums refunded to policyholders as dividends, and $3,055,041.51 as premiums refunded to policyholders on the cancellation of their policies. The State Tax Commission has refused to allow all dividends to policyholders whose policies were on the deferred dividend plan, and allowed only the deduction of dividends on annual dividend policies, amounting to $1,430,361.97. It has likewise disallowed the deduction of $3,055,041.51 on account of premiums refunded to policyholders on the cancellation of their policies. The result of this action on the part of the State Tax Commission is to increase the taxes of the relator by the sum of

36 People ex rel. New York Life Ins. Co. *v.* Walsh.

Third Department, July, 1921. [Vol. 198

$53,324.19 above what they would be were the deductions allowed, and this is the sum in controversy.

It is conceded that the questions at issue must be determined upon the construction of section 187 of the Tax Law, as amended by chapter 796 of the Laws of 1917.* It is apparent from the title of the act, which may be given consideration in determining its proper construction (*People ex rel. Jacobus v. Van Wyck*, 157 N. Y. 495, 504, and authorities there cited), that there was no purpose on the part of the Legislature to make any change in the statute as it previously existed except " to clarify the definition of premiums of insurance companies subject to franchise tax and to prevent double taxation thereof," and the language is to be examined for the purpose of discovering this clarification and to prevent double taxation. In other words, by the express language of the title the act is brought within the rule that all statutes are to be considered as passed in view of, and to be construed in connection with, the existing laws upon the same subject (*Matter of Cooper*, 22 N. Y. 67, 88), and we are to look at the general scope and design of the law, at the evil to be remedied, or the benefit attained, and so to construe the law as to accomplish the object the Legislature has in view. Chapter 796 of the Laws of 1917 amends section 187 of chapter 62 of the Laws of 1909, to " read as follows," and, so far as necessary to the questions here involved, provides: " An annual State tax for the privilege of exercising corporate franchises * * * within this State equal to one per centum on the gross amount of premiums received during the preceding calendar year for business done at any time in this State, which gross amount of premiums shall include all premiums received during such preceding calendar year on all policies, certificates, renewals, policies subsequently cancelled, insurance and reinsurance during such preceding calendar year, and all premiums that are received during such preceding calendar year on all policies, certificates, renewals, policies subsequently cancelled, insurance and reinsurance executed, issued or delivered in all years prior to such preceding calendar year, whether such premiums were in the form of money, notes, credits, or any other substitute for

---

* Since amd. by Laws of 1919, chap. 625.— [Rep.

money, *but such gross amount of premiums shall not include premiums refunded to policyholders as dividends or on cancellation or return of policies nor amounts paid as reinsurance to such other companies as are subject to taxation under this section* [the italicized words being the new matter designed to clarify and prevent double taxation], shall be paid annually into the Treasury of the State on or before the first day of June," etc.

It was pointed out in *People ex rel. Continental Ins. Co. v. Miller* (177 N. Y. 515, 522) that a premium paid for reinsurance is an expense of the business which could not be deducted from the gross premiums mentioned in section 187 of the former Tax Law as it existed under the amendatory act of 1901 (Laws of 1901, chap. 118), while a premium collected from the insurance of the risks of other companies "is part of the gross receipts from the corporate business, which is what the statute aims at," and the amendment of 1917 provides that amounts paid as reinsurance, and which had been held to constitute expenses not to be deducted from the gross premium, should not be included in gross premiums where the amounts were paid "to such other companies as are subject to taxation under this section," thus preventing double taxation where the reinsurance paid out went to a corporation which would have to pay the tax upon the receipts from such reinsurance.

The reasoning of the court in the case last above cited clearly disposes of the questions involved in this proceeding under the statute as it existed prior to the amendment of 1917, but the respondents suggest that that case dealt with a fire insurance company, and that in some manner discernible to actuaries there is a distinction between life insurance and fire insurance; but the rule is established that in construing acts of the Legislature the language of the act, and such historical or other facts as are within the scope of judicial cognizance, are ordinarily the only guides (*People v. Stephens,* 71 N. Y. 527, 537), and subdivision 1 of section 187 provides that "every domestic insurance corporation, incorporated, organized or formed under, by or pursuant to a general or special law," shall come within the purview of the act, and the subsequent subdivisions make exceptions of "a fire insurance

business or a marine insurance business " in the case of corporations formed in other State jurisdictions and doing business here, and of " a fire or marine insurance business " in like cases of corporations formed in any State without the United States or of any foreign country, clearly indicating a legislative intent to embrace both fire and life insurance corporations organized under our laws; and in *People ex rel. Continental Ins. Co.* v. *Miller* (*supra*) the court say that " the questions presented require us to construe section 187 of the Tax Law " which, as we have seen, is not changed in its essential aspects by the amendment of 1917. When the case last above cited was decided the Tax Law (as amd. by Laws of 1901, chap. 118) provided for a franchise tax of the present amount " for carrying on business in their corporate or organized capacity within this State " on the " gross amount of premiums received during the preceding calendar year for business done in this State," and in *People ex rel. Provident Savings Life Assurance Society* v. *Miller* (179 N. Y. 227) the court in considering this same statute held that there was no power to impose the tax upon receipts of the company derived from past transactions and pre-existing contracts. That is, it was held that the statute which went into effect on the 1st day of October, 1901, could not be made to operate upon premiums received in that year, and that it could not be made to reach premiums paid upon contracts which were in existence at the time of the law going into effect. " The relator," say the court, speaking of a life insurance company, " is a domestic corporation and within the general scope of the statute," and then points out that " the tax in question being a franchise tax does not, within the terms of the statute, or by any reasonable construction, become a burden upon contracts made before the law was enacted and that exist and may be enforced entirely independent of the corporate franchise. Contracts of life insurance once made exist solely by virtue of the right to contract at the time they were entered upon by the parties, and not by virtue of any privilege or franchise from the State. (*People* v. *O'Brien*, 111 N. Y. 1.) When a corporation merely does what it has the right to do without the consent of the State it is not in any legal or proper sense exercising a franchise, and hence past transactions are not within the scope of the statute,

since effect can be given to all of its provisions by limiting its operations to future transactions."

*People ex rel. Provident Life Assurance Society* v. *Miller* (*supra*) was subsequently before the court on a motion for reargument (180 N. Y. 525) and the court adhered to its former opinion.  " It may be true," say the court, " that the Legislature has the power to measure the tax in either way, but if it intended that the burden should rest on past contracts or transactions as well as future contracts or transactions, that intention should be expressed in words so clear as to leave no room for construction.  * * *  When the burden rests upon the income or receipts of corporate business as in this case, in the absence of clear language to the contrary, the statute should be construed as applying to future business and not to past transactions.  If there is any ambiguity in the statute it should be resolved in favor of the taxpayer and not in favor of the State."  This opinion was handed down in December, 1904, and the Legislature of 1905, by chapter 94 of the Laws of that year, amended section 187 of the Tax Law (Gen. Laws, chap. 24 [Laws of 1896, chap. 908], as amd. by Laws of 1897, chap. 494, and Laws of 1901, chap. 118) by providing for the tax upon " the gross amount of premiums received during the preceding calendar year for business done at any time in this State, which gross amount of premiums shall include all premiums received during such preceding calendar year on all policies, certificates, renewals, policies subsequently canceled, insurance and reinsurance during such preceding calendar year, and all premiums that are received during such preceding calendar year on all policies, certificates, renewals, policies subsequently canceled, insurance and reinsurance executed, issued or delivered in all years prior to such preceding calendar year, whether such premiums were in the form of money, notes, credits, or any other substitute for money, shall be paid annually," etc.  (See, also, Tax Law [Consol. Laws, chap. 60; Laws of 1909, chap. 62], § 187.)

It is entirely obvious that the purpose of this enactment, which remained unchanged down to the amendment of 1917, was to meet the suggestions of the Court of Appeals, and to make the act provide for measuring the franchise tax by the amount of the gross premiums, as defined in *People ex rel.*

40  People ex rel. New York Life Ins. Co. v. Walsh.

Third Department, July, 1921.  [Vol. 198

*Continental Ins. Co.* v. *Miller* (*supra*), collected during the previous calendar year, no matter when the contract was made. There was no effort to change the rule suggested and approved in the *Continental Insurance Company* case; no effort to lay down a different rule for life insurance corporations from those which prevail in respect to any other insurance corporation organized under the laws of the State of New York. When the Legislature of 1917 undertook " to clarify the definition of premiums of insurance companies subject to franchise tax and to prevent double taxation thereof " (Laws of 1917, chap. 796), it preserved the language quoted in the preceding paragraph and inserted the words " but such gross amount of premiums shall not include premiums refunded to policyholders as dividends or on cancellation or return of policies nor amounts paid as reinsurance to such other companies as are subject to taxation under this section," thus finally bringing the act into harmony with the decisions of the courts. The court in the *Continental Insurance Company* case had adopted the reasoning of an Illinois case (*German Alliance Ins. Co.* v. *Van Cleave*, 191 Ill. 410), in which the court says that " an insurance company would not be authorized to omit from its statement any part of the premiums received merely on the ground that policies might be cancelled in the future; but where they have been in fact cancelled and the money returned, the entire or gross premium receipts cannot, by any fair interpretation, include the money so returned. * * * The apparent purpose of the act is to levy a tax on gross income, and not upon money which is in no sense revenue to the insurance companies."

We find nothing in the enactment or in the history of its development which justifies the construction put upon it by the State Tax Commission. The policy of the State in exacting a tax upon all premiums received in the preceding calendar year, no matter when the contract was made, involves the moral obligation of crediting the corporation with the amounts which it is, in the performance of its statutory and contract obligations, bound from time to time to refund to its policyholders, either as dividends or upon the cancellation of policies. This moral obligation is more or less distinctly shadowed forth in the enactment and if there is ambiguity

it should be resolved against the State rather than the taxpayer. (*People ex rel. Provident Savings Life Assurance Society* v. *Miller*, 180 N. Y. 525, 526.)

The relator is entitled to the relief demanded, and the writ should be sustained, with costs.

All concur, except JOHN M. KELLOGG, P. J., and COCHRANE, J., dissenting.

Determination annulled, with fifty dollars costs and disbursements.