MARIE ZAJIC, Respondent, *v.* SIKORA REALTY CORPORATION, PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, as Trustee under Trust Agreement Dated March 1, 1927, Appellants, and Others, Defendants.

Second Department, October 22, 1937.

*J. M. Richardson Lyeth* [*John P. Allee* with him on the brief], for the appellant President and Directors of the Manhattan Company.

*William Gilligan* [*Albert C. Kornblum* with him on the brief], for the appellant Sikora Realty Corporation.

*Albert W. Sibek*, for the respondent.

TAYLOR, J. This action was brought for the foreclosure of a second mortgage, made by appellant Sikora Realty Corporation to the plaintiff-respondent, dated July 10, 1929, covering real property on which an apartment house is erected. For balance of principal there is due thereon $7,700 and interest from January 10, 1932. Defendant-appellant President and Directors of the Manhattan Company holds a first mortgage upon the same premises, upon which there is unpaid for principal $62,734.61. The order appealed from, made on the motion of respondent, appoints a receiver of the rents, issues and profits. Unless the receivership shall be extended to the first mortgage, that order will inure only to the benefit of the respondent, the diligent second mortgagee. (*Sullivan* v. *Rosson*, 223 N. Y. 217; High on Receivers [4th ed.], § 688, p. 839.) The second mortgage contains the usual interest and tax clauses and receiver's clause. The respondent presented proof that the premises were worth only $65,000, and urged that her security was inadequate because of the amount thus unpaid on the first mortgage. That mortgage originally secured payment of $70,000 and interest, and was executed by appellant Sikora Realty Corporation on September 1, 1923. It is owned by defendant-appellant President and Directors of the Manhattan Company as trustee for certificate holders under an issue of so-called Prudence bonds. By an agreement dated April 6, 1928, the time of payment of its principal was extended to March 15, 1933, provided that certain installments of principal should be paid in the meantime. The mortgagor defaulted in the payment of an installment of

principal due October 1, 1932, in the sum of $1,050, and also in the payment of interest then falling due. In order to avoid foreclosure, the mortgagor, Sikora Realty Corporation, on that day executed and delivered to the Prudence Company, Inc., as agent of appellant President and Directors of the Manhattan Company, as such trustee, an assignment of the rents of the mortgaged premises then due or thereafter to become due, and surrendered physical possession in legal effect to the first mortgagee, which has been such mortgagee in possession, operating, since that date, the mortgaged premises in conjunction with an adjoining apartment house under the same management. The assignment *inter alia* contains the following provision: " This assignment cannot be cancelled or annulled without the consent in writing of the Assignee. It is understood and agreed, however, that if and when all present and future defaults under the said mortgage have been cured this instrument will be void and of no effect."

The entire balance of principal of the first mortgage became due March 15, 1933. After paying all taxes and operating expenses, the balance of rents in the hands of the first mortgagee as of March 1, 1937, was sufficient to satisfy interest in full upon the first mortgage and to leave a balance of $350.73 applicable to payment on account of the principal thereof.

The respondent admits that her mortgage is inferior in lien to the first mortgage. She contends, however, that the so-called moratorium statutes (Civ. Prac. Act, § 1077a–g, Laws of 1933, chap. 793, in effect Aug. 26, 1933) rendered the assignment of rents ineffectual, and that, as she has a right to foreclose her second mortgage on which interest is in default, she is entitled to a receiver for her benefit exclusively. These statutes took effect on and not before August 26, 1933, or after the first mortgagee thus took possession on October 1, 1932, and also after the principal of the first mortgage, as extended, became due on March 15, 1933.

In the factual situation presented, the appointment of a receiver was unauthorized in the absence of proof of irresponsibility, financially, of the first mortgagee thus in possession, or of proof that the rents and profits were in danger of being lost. (*Bolles* v. *Duff*, 35 How. Pr. 481; Beach on Receivers [2d ed.], § 544, pp. 594, 595; also § 551, p. 603; High on Receivers [4th ed.], §§ 679–682, pp. 832–835; Thomas on Mortgages [3d ed.], § 944, p. 753; *vide Manhattan Life Ins. Co.* v. *Hammerstein Opera Co.*, 180 App. Div. 69.) This principle finds expression in *Bolles* v. *Duff* (*supra*, at pp. 483, 484): " It is unquestionably, as a general rule, the settled doctrine of the courts of equity that when anything is due to a mortgagee in possession he will not be deprived of such possession by any appoint-

ment of a receiver. * * * And particularly is this so when the mortgagee is responsible and is able to account for and pay any excess of rents and profits after the payment of his debt, or will give security to do so. * * * But if it appeared that the mortgagee was irresponsible, or that the rents and profits would be lost or would be in danger of loss, or that the mortgagee was committing waste upon or materially injuring the premises, a different rule would prevail, and a receiver would be appointed." It is not doubtful that the first mortgagee thus in possession is entitled to all the rents and income to the exclusion of respondent, the second mortgagee. (*N. Y. Life Ins. Co.* v. *Fulton Development Corp.*, 265 N. Y. 348; *Womans Hospital* v. *67th St. Realty Co.*, Id. 226.) The moratorium statutes, properly construed, are inefficient legally to impair or destroy the first mortgagee's rights thus vested prior to their enactment. They deal only with remedies and do not purport to interfere with vested property and contract rights. Their headings, which it is proper to consider in ascertaining the legislative intent (*People ex rel. Jacobus* v. *Van Wyck*, 157 N. Y. 495, 504; *People ex rel. New York Life Ins. Co.* v. *Walsh*, 198 App. Div. 34; *People* v. *Brainard*, 192 id. 816, 819), indicate no intention to interfere with a previous assignment of rents or with possession by the assignee thereunder. Nor are those statutes retroactive in their effect. (*Vide Feiber Realty Corp.* v. *Abel*, 265 N. Y. 94; *Emigrant Industrial Sav. Bank* v. *Van Bokkelen*, 269 id. 110, 113; *Guaranteed Title & Mortgage Co.* v. *Scheffres*, 275 id. 30.) They " will be construed as prospective only, unless the language clearly and plainly indicates a contrary purpose, and it will not be given a retroactive effect when it is capable of any other construction." (*Walker* v. *Walker*, 155 N. Y. 77, 81; *vide Addiss* v. *Selig*, 264 id. 274, 281.)

Respondent urges that the amendments to the moratorium statutes (Laws of 1934, chap. 357), which have the effect of extending the payment of principal of a mortgage which became due prior to July 1, 1934, to a date six months after the expiration of the emergency, are the equivalent of the " curing " of a default in payment of principal due under the mortgage, within the meaning of the provision of the assignment of rents. The word " cure " as used in that document, however, clearly contemplates actual payment of all amounts in default, including balance of principal of the first mortgage.

Therefore, the order appealed from is wrong in law, and should be reversed for the reason that the unimpaired right to the rents of the mortgaged premises was and is absolutely vested in defendant-

appellant President and Directors of the Manhattan Company, and will continue thus to be vested pending payment of that part of the principal of the first mortgage which is in default.

The order appealed from should be reversed, with ten dollars costs and disbursements to each appellant, and the respondent's motion for a receiver denied, with ten do lars costs to each.

HAGARTY, CARSWELL, DAVIS and JOHNSTON, JJ., concur.

Order appointing receiver of the rents, issues and profits of the mortgaged premises for the benefit of plaintiff-respondent, second mortgagee, reversed on the law, with ten dollars costs and disbursements to each appellant, and motion denied, with ten dollars costs to each.