## JAMES CUMMINS v. BETSEY TIBBETTS.

FILED MARCH 22, 1899.   No. 8770.

1. **Guaranty: STATUTE OF LIMITATIONS.** The statute of limitations begins to run against a contract of guaranty the same moment an action accrues thereon.

2. ———: ———. An action on the contract set out in the opinion, guarantying the payment of a certain promissory note, was barred in five years from the maturity of such note.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Affirmed.*

*J. C. Watson, R. D. Stearns, E. C. Strode,* and *John V. Morgan,* for plaintiff in error.

*J. R. Webster, contra.*

NORVAL, J.

This was an action instituted by James Cummins on May 5, 1894, upon a guaranty in writing, a copy of which follows:

"In consideration of $45, I hereby guaranty the payment of a certain promissory note, dated November 22, 1886, payable two years after date, to J. Busacker, for the sum of $200, and said note being signed by Ira Tibbetts and James Cummins. I hereby charge my separate estate with the payment of said note, and the consideration of this guaranty.having been given for the use and benefit of my separate estate.     BETSEY TIBBETTS."

There is no controversy over the facts. On November 26, 1886, Ira Tibbetts and James Cummins executed and delivered to J. Busacker their promissory note for $200, due in two years from date. Subsequently Betsey Tibbetts signed the guaranty above set forth, and the same was attached to said note and was held and retained by the payee, or his agent, until about June 10, 1889, when Cummins paid the note and received the same with the contract of guaranty. Under the facts stated, the jury, in obedience to a.peremptory instruction by the court, returned a verdict in favor of defendant, and from the judgment rendered thereon a petition in error has been prosecuted by the plaintiff.

It would hardly seem possible, under the terms of the guaranty and the undisputed facts, that the defendant was liable on the guaranty, at least without a reformation of the terms of the instrument; and this was not sought by the pleadings filed in the case. By the strict terms of the undertaking Betsey Tibbetts guarantied the payment of the note in question. The note having been paid by one of the makers, the guaranty was fulfilled. The guarantor did not promise that Ira Tibbetts would pay the note, but guarantied the payment thereof generally; that is, that one of the makers, or both together, or some one for them, would satisfy the debt evidenced by the note. When the note was thus paid, the terms of her obligation were fully met and satisfied, and she was released from liability.

It is argued that the guaranty was given for the sole benefit of the plaintiff. The instrument cannot be so

read without disregarding the plain terms of the contract. It does not purport to indemnify plaintiff against the payment of the note. The guaranty was made to no one personally, but was delivered to the payee of the note, and the contract of guaranty should be read as though the same had been written upon the back of the note at its inception. The guaranty was for the benefit of the payee. He, or his transferee, could have maintained an action thereon upon the maturity of the note. A cause of action upon the guaranty accrued the moment default was made in the payment of the note, and as this suit was brought more than five years after the note matured, the statute of limitations had run against the cause of action. This is true though Mrs. Tibbetts be regarded as first surety and plaintiff second surety only, since the guaranty was not to plaintiff, but to any holder of the note. Cummins could avail himself of the benefit of the guaranty by paying the note, which would subrogate him to the rights of the original payee; and as the action was barred as to him, it was likewise barred as to plaintiff.

It is argued that the statute of limitations did not commence to run against plaintiff until he paid the note. This would doubtless be true had the guaranty been given for his benefit alone, or had the grantor promised that Ira Tibbetts would pay the note, but such was not the scope of the terms of the obligation assumed by the defendant. The judgment is right, and it must be

AFFIRMED.