OMAHA SAVINGS BANK, APPELLEE, v. E. W. SIMERAL ET AL., APPELLEES, IMPLEADED WITH JAMES J. BROWN, APPELLANT.

FILED MAY 22, 1901.  No. 9,424.

Statute of Limitations: PROMISSORY NOTE SECURED BY MORTGAGE. A promissory note is barred after five years from its maturity, though the same is secured by a real estate mortgage, and the statute of limitations is a complete defense to the recovery of a personal judgment upon the note against a maker, other than the mortgagor.

APPEAL from the district court for Douglas county. Heard below before SCOTT, J.  *Affirmed.*

*George W. Cooper* and *W. W. Morsman*, for appellant.

*W. A. Redick* and *Crofoot & Scott, contra.*

NORVAL, C. J.

Suit by Omaha Savings Bank against E. W. Simeral to foreclose a real estate mortgage.  J. J. Brown, having a second mortgage upon the premises, was made a party defendant, who on August 22, 1896, filed a cross-petition in said cause, setting up a mortgage given by Simeral to secure the payment of a promissory note for $1,000 given by him and one John I. Redick, dated December 18, 1886, and payable one year thereafter, and praying the foreclosure of said last mentioned mortgage.  To said cross-petition Redick was made a party defendant, the purpose being to secure a deficiency judgment against him.  Summons was issued and served upon Redick, who appeared and filed an answer to the cross-petition, alleging, in effect, that he signed the note as surety for Simeral; that

the payment indorsed upon the note was made by the
latter on his own behalf without Redick's authority,
knowledge or consent; that on October 12, 1892, Brown,
upon sufficient consideration, extended the time of pay-
ment of the note said mortgage was given to secure to
December 12, 1892, without the knowledge or consent of
Redick, whereby the latter was released and discharged
as surety; that "the cause of action of said J. J. Brown
did not accrue against this defendant within five years
next before the filing of the cross-petition in this case,
and said claim is barred by the statute of limitations."
The reply consisted of a general denial. The court found
the issues in favor of Redick as to both of his defenses,
and a decree was entered foreclosing the mortgage of
Brown, as well as that of plaintiff, and dismissing the
cross-petition as to the defendant Redick. Brown appeals.

We shall consider the defense of Redick only, relative
to the statute of limitations. Section 849 of the Code of
Civil Procedure provides: "If the mortgage debt be se-
cured by the obligation or other evidence of debt of any
other person besides the mortgagor, the complainant
may make such person a party to the petition, a ¹ the
court may decree payment of the balance of such debt
remaining unsatisfied after a sale of the mortgaged prem-
ises, as well as against such other person as the mort-
gagor, and may enforce such decree as in other cases."
It is argued that under such section Brown had the same
time to make Redick a party defendant for the purpose
of obtaining a deficiency judgment against him that he
had against Simeral to foreclose the mortgage in ques-
tion. To the proposition we are unable to assent. The
statute quoted is not one fixing the limitation of actions
like the present one. Another statute designates ten
years as the period within which a suit to foreclose a
mortgage must be brought. Code Civil Procedure, sec. 6.
Still another statute designates five years as the time
within which an action upon a promissory note shall be
instituted. Code Civil Procedure, sec. 10. The statute

quoted above, it is true, permits a deficiency judgment to be rendered against the mortgagor and other persons liable for the debt, in the suit to foreclose. The object of this is to prevent a multiplicity of actions, and to permit both the foreclosure and a deficiency judgment to be obtained in the same suit. But section 10 of the Code of Civil Procedure governs as to the time within which suit must be commenced when a personal judgment for a deficiency is sought, at least against a person other than the mortgagor. Had Brown brought an action at law on this note against Redick, five years after the maturity of it, the suit would have been barred, and the rule is not different merely because a personal judgment is sought. against him in a suit to foreclose a mortgage given to secure the same note. The right to foreclose the mortgage exists after the note it was given to secure is barred by the statute of limitations. *Wiswell v. Baxter*, 20 Wis., 713; *Whipple v. Barnes*, 21 Wis., 327; *Cleveland v. Harrison*, 15 Wis., 741; *Fisher's executor v. Mossman*, 11 Ohio St., 42.

Counsel for Brown cite *Cheney v. Woodruff*, 20 Nebr., 124, and *Cheney v. Janssen*, 20 Nebr., 128, in support of their contention. These decisions are not in point on the question. Each was a suit to foreclose a mortgage and the defense of five years limitation was interposed. It was held that although the note the mortgage was given to secure was barred, suit on the mortgage was not. The question whether a personal judgment could be recovered on the note was not involved, nor was any opinion expressed by the court on that subject in either case.

It is also insisted that the answer to the cross-petition does not sufficiently plead the statute of limitations as a defense for the alleged reason that the part of the answer already quoted states a mere conclusion. We do not think so. It states as an ultimate fact that "the cause of action of said J. J. Brown did not accrue against this defendant within five years next before the filing of the cross-petition." This was a good plea of the five years statute of limitations. *Searls v. Knapp*, 58 N. W. Rep.

[S. Dak.], 807. This conclusion does not conflict with the holding in *Barnes v. McMurtry*, 29 Nebr., 178. There the ultimate facts were not pleaded. The time when the statute began to run was not averred, but it was merely alleged that the action was barred, which does not constitute a good plea. Here it is alleged that the cause of action did not accrue within five years next before the cross-petition was filed.

The note matured December 18, 1887, and the cross-petition was filed eight years, eight months and four days thereafter. No payments were made on the note by Redick. Simeral, the principal on the note, made several payments, which were without the knowledge or consent of Redick, the surety. The payments so made did not toll the statute as to Redick. *Mayberry v. Willoughby*, 5 Nebr., 368. For the reasons stated, the decree is·

AFFIRMED.