WILLIAM T. DWIRE, APPELLANT, v. W. M. GENTRY ET AL., APPELLEES.

FILED JANUARY 30, 1914. No. 17,538.

Limitations of Actions: PRINCIPAL AND SURETY: PAYMENT BY PRINCIPAL. The payment of interest on a note by a principal without the authority, knowledge or consent of the surety will not stop the running of the statute of limitations as to the surety.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. ' Affirmed.

George A. Adams, for appellant.

Mockett & Peterson, contra.

LETTON, J.

Appellant states his case thus: "This case was brought upon a promissory note. The defendant Gentry was not found and no proceedings were had against him. The defendant Watkins answered, among other things, the statute of limitations, and that he was surety for Gentry. The evidence shows, and there is no controversy upon that proposition, that Watkins was surety for Gentry; that Gentry made several payments upon the note without the knowledge or consent of Watkins, and that the statute of limitations had not run after the last payment by Gentry. So the question raised, and the only question, is, did the payments of interest by the principal keep the note alive

as to the surety?" He relies upon section 22 of the code (Rev. St. 1913, sec. 7579). While there is a conflict in the courts of other states upon this question (33 Century Digest, Limitation of Actions, sec. 624) the greater weight of authority is in accordance with the holding of this court in the cases of *Mayberry v. Willoughby,* 5 Neb. 368; *Stevenson v. Craig,* 12 Neb. 464; *Moffitt v. Carr,* 48 Neb. 403; *Omaha Savings Bank v. Simeral,* 61 Neb. 741; *Teegarden v. Burton,* 62 Neb. 639; *McLaughlin v. Senne,* 78 Neb. 631.

While the facts in all of these cases are not identical, the decision in each rests upon the principles announced in the *Mayberry* case. This was an action upon a note signed by a partnership in the firm name. The point in question was considered at length, and it was held that after the dissolution of the partnership the relation of the partners to creditors then became that of joint debtors; that a promise by one joint debtor will not take a debt out of the statute of limitations as to his cocontractors unless he is specially and severally authorized for that purpose; that the statute of limitations is one of repose, and that when the time limited by it has expired then in legal contemplation the debt is extinguished, and can only be revived by a new promise by the person sought to be charged or by some person lawfully authorized by him for that purpose.

The *Simeral* case is almost exactly in point. "The note matured December 18, 1887, and the cross-petition was filed eight years, eight months and four days thereafter. No payments were made on the note by Redick. Simeral, the principal on the note, made several payments, which were without the knowledge or consent of Redick, the surety. The payments so made did not toll the statute as to Redick."

We are content to follow the beaten track. The judgment of the district court is

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.