EMMA S. HALL, ADMINISTRATRIX, APPELLANT, V.
B. F. ROGERS, APPELLEE.

FILED MARCH 18, 1925. No. 22993.

1. Limitation of Actions: PRINCIPAL AND SURETY. The payment of
interest or a part of the principal on a note by a principal debtor,
without the authority or consent of the surety, will not stop the
running of the statute of limitations as to the surety. *Dwire
v. Gentry*, 95 Neb. 150.

2. ———: JOINT DEBTORS. A payment by one of several joint
debtors on a note, without the authority or consent of the others,
will not toll the statute of limitations as to them.

APPEAL from the district court for Buffalo county:
BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Sinclair & McDermott*, for appellant.

*N. P. McDonald*, contra.

Heard before MORRISSEY, C. J., ROSE, DAY and THOMP-
SON, JJ., and SHEPHERD, District Judge.

DAY, J.

Action by Emma S. Hall, administratrix of the estate of
George Hall, against A. V. Rogers and B. F. Rogers upon
a promissory note signed by defendants. The answer of
A. V. Rogers admitted his liability. B. F. Rogers pleaded
the statute of limitations as a defense. At the conclusion
of the testimony, on motion of B. F. Rogers, the trial court
discharged the jury and rendered judgment in favor of the
plaintiff against A. V. Rogers and dismissed the action
as to B. F. Rogers. From the judgment in favor of B. F.
Rogers, plaintiff appeals.

The petition is in the usual form of an action upon a
promissory note and charges that both defendants executed
the note. The note is dated January 30, 1915, and by its
terms became due January 31, 1916. This action was com-
menced November 8, 1921. The petition alleges that pay-
ments had been made on the note as follows:

"Interest paid to Jan. 31, 1916, and time extended one year to Jan. 31, 1917. Int. paid to Jan. 31, 1917. Indorsed Mar. 17, 1917, $1,000. Int. paid to Jan. 31, 1918. Int. paid to Jan. 31, 1919. Int. paid to Jan. 31, 1920."

It is apparent that unless there was a valid extension, of the time of payment of the note, or unless the payments thereon tolled the statute of limitations as to B. F. Rogers, the five years' statutory period of limitations applying to actions of this character had expired at the time the action was brought.

The amended answer of B. F. Rogers admits that he signed the note, but alleges that he was only a surety, which fact was well known to George Hall, the payee. He alleges that all the payments on the note charged in the petition to have been made were paid by A. V. Rogers; that B. F. Rogers never paid any part thereof and never knew or consented to the payments; that the cause of action accrued February 1, 1916, more than five years prior to the commencement of the action; that the action was barred by the statute of limitations, and that no valid extension of the time of payment of the note had ever been made.

We think it is extremely doubtful whether there is any allegation in the petition which fairly charges that there was an extension of the time of the payment of the note. Assuming that there was such a charge, the amended petition denies that there had been an extension of the time of payment, and thus an issue was raised upon that question. The record shows that the plaintiff offered in evidence the note with all the indorsements thereon. The defendant, B. F. Rogers, objected to the offer of the indorsement as incompetent, irrelevant, immaterial, and no foundation laid. Thereupon the court admitted the note in evidence, but announced that "the objection is sustained as to the statement on the back of the note wherein it says that the note is extended for one year. The objection to that part is sustained as no foundation laid." No further attempt was made to show that the time of payment had been extended.

Hall v. Rogers.

While it is true that in the original answer filed by B. F. Rogers he alleged that the time of payment of the note had been extended, in his amended answer he denied that there was an extension. By filing an amended answer he abandoned the allegations of his original answer. The original answer was not offered in evidence and appears only in the transcript. There is no evidence in the record to show that an extension of time of payment was made, and hence we must conclude that the note was due and payable on January 31, 1916, as provided by its terms.

Did the payments on the note toll the statute as to B. F. Rogers?

The testimony shows that all the payments were made by A. V. Rogers without the authority, knowledge or consent of B. F. Rogers. Some argument is made as to whether B. F. Rogers was a surety or a joint obligor on the note. As we view the law, it is immaterial whether he was a surety or a joint obligor, so far as concerns his liability to the payee. If he were a surety, the case would fall clearly within the rule announced in *Dwire v. Gentry*, 95 Neb. 150, wherein it is held:

"The payment of interest on a note by a principal without the authority, knowledge or consent of the surety will not stop the running of the statute of limitations as to the surety."

Other cases are also cited to support this rule.

While the courts are not in harmony as to the effect of a partial payment made by one of several joint debtors without the acquiescence of the others, the weight of authority supports the rule that such a payment does not toll the statute as to the debtor who does not consent to the payment. *Mayberry v. Willoughby*, 5 Neb. 368; 25 Cyc. 1385; 33 Century Digest, Limitations of Actions, sec. 624.

The judgment of the district court is

AFFIRMED.