HENRY KUHSE, APPELLANT, V. ERNEST M. LUTHER ET AL., APPELLEES.

FILED MARCH 20, 1936. NO. 29517.

*Mapes, Johnson & Maynard*, for appellant.

*Cook & Cook* and *Abbott, Dunlap & Corbett, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

This is an action commenced September 27, 1934, on a promissory note for $5,000, dated March 11, 1925, payable March 11, 1926, and bearing interest at the rate of 6 per cent. per annum. Entries on the back of the note show annual payments of interest to March 11, 1932. There is

also an entry indicating that on August 23, 1933, interest was paid to March 11, 1933. Henry Kuhse, plaintiff, was payee. Ernest M. Luther and Edward Luther, defendants, were makers. The note contains the following provision:

"The makers and indorsers hereby severally waive demand, protest, and notice of protest and extension of time of payment of this note."

In addition to indorsements showing payments of interest, the following appears on the back of the note:

"Aug. 23, 1933, payment on this note is hereby extended to March 11, 1934, which is to be considered the due date. H. Kuhse."

The amended petition contains the plea that Edward Luther on August 23, 1933, paid the interest to March 11, 1933. There was a prayer for judgment for principal and unpaid interest amounting to $5,500.

To the petition Ernest M. Luther, defendant, interposed a general denial. Edward Luther, defendant, admitted the execution of the note, and alleged in his answer that he did not receive any part of the consideration; that he signed the note as surety for Ernest M. Luther and for the latter's accommodation; that the action was barred by the statute of limitations.

Upon a trial of the cause the jury rendered a verdict in favor of plaintiff and against Ernest M. Luther, defendant, for $5,548.33, and in favor of Edward Luther, defendant, against plaintiff. The district court entered judgment on the verdict. From that part of the judgment in favor of Edward Luther, plaintiff appealed.

Ernest M. Luther made no defense. The determining question is the statute of limitations as applied to the defense of Edward Luther. On appeal plaintiff stated his position as follows:

"All parties admit that the defendant, Ernest M. Luther, made all of the interest payments except the last one, which was made on the 23d day of August, 1933. Who paid this is in dispute. As to the payment of August 23, 1933, the plaintiff pleaded and produced evidence to prove that the

same was paid by Edward Luther, and the defendant Edward Luther denies this. The defendant Edward Luther took the position that if he did not make the payment the cause of action was barred as against him, and the plaintiff took the position that it made no difference which one of the defendants paid it, it kept the note alive as to both makers. This was the pivotal issue in the trial."

In a preliminary argument, plaintiff insists that defendants were joint makers; that the consideration received from plaintiff by Ernest M. Luther was also consideration as to Edward Luther; that the latter was primarily liable for payment of the debt; that payments of interest by Ernest M. Luther bound Edward Luther; that there should have been judgment against both defendants notwithstanding the verdict; that there was error in refusing offered instructions showing liability of Edward Luther considered as surety and accommodation maker. These propositions are without merit, if the evidence is sufficient to sustain the finding that the action as to Edward Luther was barred by the statute of limitations. The jury were instructed as follows:

"If * * * you find from a preponderance of the evidence that on August 23, 1933, Edward Luther paid the interest on the note to March 11, 1933, by giving to plaintiff a check, signed by Ernest M. Luther and made payable to plaintiff, you will return a verdict for plaintiff against both defendants. On the other hand, if these facts have not been proved by plaintiff by a preponderance of the evidence you will return a verdict in favor of plaintiff against the defendant Ernest Luther and against plaintiff and in favor of the defendant Edward Luther. These questions are the sole questions for your consideration."

The defenses as to surety and accommodation maker were thus, in effect, decided in favor of plaintiff. A cause of action against Edward Luther on the note arose when it was due and unpaid March 11, 1926. The petition was filed more than five years thereafter on September 27, 1934. Defendant Ernest M. Luther alone paid the annual interest

to March 11, 1932. Did Edward Luther make the last payment of interest August 23, 1933, as alleged in the petition? In support of that allegation there was evidence tending to prove that, in the First National Bank of Hooper, in the presence of the cashier, on August 23, 1933, Edward Luther gave plaintiff a 300-dollar check to pay the interest to March 11, 1933; that he pushed the check and the note thus indorsed over to plaintiff. The check is in the record. It was signed by Ernest M. Luther alone and does not bear the name of Edward Luther. The latter testified in substance: Never had possession of the check; did not hand it to plaintiff; never saw it until produced in court; never orally promised to pay the debt; never paid anything on it; did not know any interest had been paid or know that the debt was unpaid.

On conflicting evidence the jury found that Edward Luther did not pay the interest for the year ending in 1933 or deliver the 300-dollar check to plaintiff. The pertinent facts were thus settled by the verdict. It follows that the action was outlawed as to Edward Luther long prior to the transactions of August 23, 1933, unless, as a matter of law, the payments of interest by Ernest M. Luther bound both defendants. The majority rule in the United States was recently stated by an annotator as follows:

"A part payment of principal or interest by one of two or more joint or joint and several debtors binds only the person making the payment, and does not operate to take the debt out of the statute of limitations as against his co-obligors." 71 A. L. R. 378.

The cases so holding are collected in the note, including the following Nebraska precedents: *Mayberry v. Willoughby*, 5 Neb. 368, 25 Am. Rep. 491; *Dwire v. Gentry*, 95 Neb. 150, 145 N. W. 350; *Hall v. Rogers*, 113 Neb. 290, 202 N. W. 908. In the last of the Nebraska cases cited the rule was stated in this form:

"A payment by one of several joint debtors on a note, without the authority or consent of the others, will not toll the statute of limitations as to them."

In argument there was an attempt by plaintiff to distinguish the case last cited on the ground that one of the signers of the note was a surety, whereas, in the case at bar, both signers were primarily liable to payee for the debt. The writer of the opinion in the *Hall-Rogers* case, however, said that it was immaterial whether one of the signers "was a surety or a joint obligor, so far as concerns his liability to payee."

It is further contended by plaintiff that the rule quoted was changed by the negotiable instruments law, which provides:

"The person 'primarily' liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same." Comp. St. 1929, sec. 62-1702.

A joint maker primarily liable on a note, when executed, who has done nothing to waive the bar of the statute of limitations as a defense or to prevent it from running against the debt as to him, is not deprived of that defense by payments of his comaker or by the provision quoted from the negotiable instruments law.

It is further insisted that the trial court erred in directing the jury that delivery of the 300-dollar check to plaintiff meant delivery in person by Edward Luther. Referring to the instruction that both defendants were liable, if Edward Luther paid the interest to March 11, 1933, by giving to plaintiff a check signed by Ernest M. Luther, the jury submitted to the trial court in writing the following inquiry:

"Does the delivery of this check mean delivery in person by Edward Luther?"

To this the presiding judge directed the jury in writing as follows:

"Yes. Delivery as used in these instructions means delivery in person by Edward Luther."

There was clearly no error in this direction, since there was no evidence of a delivery of the check in any other manner. The waiver of demand, protest, notice of protest and extension of time for payment was not a waiver of the

statute of limitations. In these views of the law and the facts, error prejudicial to plaintiff has not been found in the proceedings and judgment of the district court.

AFFIRMED.