HOWARD E. BROWN ET AL., APPELLANTS, V. ROYAL HIGH-LANDERS ET AL., APPELLEES.

299 N. W. 467

FILED JULY 11, 1941.   No. 31010.

*Perry, Van Pelt & Marti* and *Lewis E. Laflin,* for appellants.

*Flansburg & Flansburg, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

Plaintiffs commenced this suit on behalf of themselves and all others similarly situated as holders of certain life insurance policies, designated as Ideal Reserve policies, to compel the defendant insurance company to distribute an alleged accumulated surplus existing in the Ideal Reserve Fund of the defendant company to the holders of Ideal Reserve participating policies. The Ideal Reserve policies

issued to plaintiffs were participating insurance contracts entitling their holders to participate in any surplus existing in the Ideal Reserve Fund of the company. Plaintiffs allege in their petition that a surplus of between $1,500,000 and $2,000,000 exists in such Ideal Reserve Fund in excess of all reserves, liabilities and obligations, which is available for distribution. Plaintiffs allege that the moneys in the Ideal Reserve Fund are trust funds created and dedicated by the statutes of this state and the articles of incorporation and by-laws of the company for the exclusive purpose of paying valid claims of holders of Ideal Reserve policies, for the maintenance of the legal reserves and for the payment of accumulated dividends on Ideal Reserve policies having participation provisions. Plaintiffs further allege that defendants have failed to cause an annual accounting to be made and the amount of surplus determined, apportioned and distributed to Ideal Reserve policyholders having participating contracts, as required by the edicts, by-laws and contracts of the defendant insurance company, and have arbitrarily accumulated such surplus in violation of their duties as trustees of said funds. A more detailed version of the existing situation will be found in the case of *Royal Highlanders v. Wiseman, ante,* p. 28, 299 N. W. 459, released herewith. Plaintiffs pray for an accounting of the funds, that a determination be made of the amount of distributive surplus, that the reserves released by the termination of policies of Ideal Reserve policyholders be determined to be accretions to the reserves, mortuary or disability funds, that upon said funds exceeding the amounts required by law for said purposes, the excess be ordered distributed to the holders of Ideal Reserve participating policies in accordance with the beneficial interest of such policyholders therein, that defendants be enjoined from using the funds for any other purpose, and that it be determined that the order and judgment entered by the district court for Lancaster county in Royal Highlanders v. Wiseman, Docket 139, No. 66, were made without jurisdiction and are therefore null and void.

The Royal Highlanders and its board of directors, the defendants herein, allege in their answer that the defendant insurance company was organized in 1896 as a fraternal benefit society and continued as such until May 4, 1937, when it was transformed into a mutual legal reserve life insurance company. Defendants allege that prior to May 4, 1937, the company had issued Ideal Reserve policies on the legal reserve basis, some of which policies contained provisions for participation in the surplus accumulating in the Ideal Reserve Fund after two full years of membership. In transforming the fraternal benefit society to a mutual legal reserve life insurance company, the articles of incorporation were amended and approved by the department of insurance of the state of Nebraska. The amended articles provided that the rights of policyholders under their insurance contracts should not be altered and that the funds of the society should be devoted to the same purposes as heretofore and not be diverted therefrom. In addition thereto, the amended articles provided that no distribution of assets should be made and that all present funds should be maintained and devoted to the same purposes as heretofore existed in the company. Defendants allege that reports of these funds, their allocations, designations and amounts were made annually to the director of insurance of the state of Nebraska and the insurance departments of other states where the society was doing business, and in each case approved. The society likewise, through its monthly publication, kept the members advised as to the total assets, liabilities, reserves and funds. The Ideal Reserve Fund was set up for the payment of valid claims, for the maintenance of reserves and for the accumulation of funds to pay dividends on Ideal Reserve participating policies, such participation being limited by the contract to the accumulation in such fund other than from revenues of policyholders who had become suspended, lapsed their policies or surrendered the same. The funds accumulating from lapsed or surrendered policies were required to be transferred to the general fund to be used for the best interest, growth and welfare of the society

and the general expenses of operation. The portion of the surplus to which a member was entitled, and the time and manner of payment, were to be determined by the executive committee in accordance with the edicts of the society. The approval of the amended articles of incorporation by the department of insurance was not appealed from and became final. The defendants further allege that in May, 1937, the director of insurance instituted an examination and audit of the funds of the company for the purpose of determining if a distribution of divisible surplus of the funds of the company should be made. This examination and audit was completed as of May 4, 1937. It was contended by the director of insurance that this action was a continuation of the mutualization proceeding. The defendants urged that the department had no authority to order a distribution of surplus and that the authority to so do was vested by the contracts, edicts and laws in the board of directors of the company. On February 14, 1938, the board of directors, after setting aside proper reserves and other funds as required by the edicts and by-laws of the company, determined the amount of divisible surplus that could safely be distributed to be the sum of $810,724.97, which was actually distributed among the Ideal Reserve participating policyholders by the issuance and delivery of cash annuity certificates to them. This distribution was also approved by the policyholders of the company at the annual meeting on February 14, 1938, and the same reported to the department of insurance immediately thereafter. Defendants plead that, in the judgment of the board of directors, any distribution in excess of that made by the company, even though permissible under contract provisions, would be highly inadvisable and against the best interests of the policyholders as a whole, in view of the existing economic depression, the extremely unsettled conditions and the uncertainty of the times in general and the necessity and importance of maintaining the company in a sound condition through the years to come. On May 6, 1938, after the department of insurance completed its examination and audit of the funds of

the company, the department entered an order directing the company to distribute the sum of $1,325,610.87, and on May 10, 1938, another order was entered, approving the distribution of $810,724.97, which had already been distributed by the company. The defendant Royal Highlanders appealed to the district court for Lancaster county from the order of the department directing the distribution of $1,325,610.87, and affirmatively prayed for the approval of the distribution of $810,724.97 as made by the board of directors of the company as the only distribution to be made under the conditions existing as of May 4, 1937. On appeal, the district court for Lancaster county upheld the contentions of the company by setting aside the order of the department of insurance directing the distribution of $1,325,610.87, and approving the distribution of $810,724.97 as made by the board of directors of the company. On appeal to this court from the judgment of the district court for Lancaster county, the district court was in all respects affirmed in *Royal Highlanders v. Wiseman, supra.* The applicable provisions of the insurance contracts, edicts and laws are quoted in the case of *Royal Highlanders v. Wiseman, supra,* and are attached to and made a part of the pleadings in the present case. For the sake of brevity and the avoidance of repetition, they will not be set out at length in this opinion.

Upon the filing of the defendants' amended answer, plaintiffs moved for a judgment on the pleadings, and after the overruling thereof elected to stand upon the motion. The trial court thereupon dismissed the petition and plaintiffs have appealed.

A motion for judgment on the pleadings, like a demurrer, admits the truth of all well-pleaded facts in the pleadings of the opposing party, together with all reasonable inferences to be drawn therefrom. The party moving for judgment on the pleadings necessarily admits, for the purposes of the motion, the untruth of his own allegations in so far as they have been controverted. 49 C. J. 668. The question raised by the motion for judgment on the pleadings is whether the answer, which contained a general denial of

plaintiffs' petition, admitted sufficient facts to be true to entitle plaintiffs to a judgment.

Many of the issues raised in this case were considered and determined in *Royal Highlanders v. Wiseman, supra.* While it is true that the parties in that case were not identical with those in the case at bar, yet the reasoning of that case and the holdings made by this court therein have particular application in arriving at a correct decision in the case at bar.

While it is true that section 44-415, Comp. St. Supp. 1939, provides that the department of insurance shall make such orders with reference to the distribution of any existing or future surplus of such company as may be just and equitable to the policyholders in connection with the approval of amended articles of incorporation and a change in the method of doing business, yet such an order is subject to review by the district court for Lancaster county. But, in the case at bar, it was determined by the department of insurance that no distribution was necessary on the change of form of corporate organization. This is clearly such an order as was contemplated by the statute. Plaintiffs therefore find themselves in this dilemma; either the order that no distribution of surplus was necessary was final, or the subsequent order, if lawfully made as a part of the mutualization of the company, was subject to review by the district court. In either event, under the circumstances of this case with the result of the appeal favorable to the contentions of the company, plaintiffs are in no position to successfully maintain their contentions. The determination of the divisible surplus by the department of insurance is only a prescribed condition to be accepted and performed by the corporation in accomplishing a valid change of "its articles of incorporation and methods of doing business," which has no force and effect until it is accepted by an affirmative vote of persons in interest. *Royal Highlanders v. Wiseman, supra.* In the instant case, the order of the department of insurance directing the distribution of $1,325,610.87 was neither submitted to nor approved by the policyholders of the company.

After the change from a fraternal benefit society to a mutual legal reserve life insurance company was completed, without a condition imposed by the department of insurance for a distribution of assets, the corporate officers of the company were lawfully in charge of its business affairs. There being no evidence of fraud, bad management or misconduct in handling the corporate business, the insurance department and the courts are without power to substitute their judgment for that of the board of directors as to the wisdom and expediency of business policies and methods in carrying on the business of the company. As we said in *Royal Highlanders v. Wiseman, supra*: "The established rule is that, in the absence of usurpation, or fraud, or of gross negligence, or transgression of statutory limitations, courts of equity will not interfere at the suit of dissatisfied stockholders merely to overrule and control the discretion of directors on questions of corporate management, policy or business."

The right of policyholders to participate in the distribution of surplus of this insurance company depends entirely upon the existing contract between the policyholder and the company. And where it appears that the board of directors is vested with the power, either generally or by specific provision, to determine the time, amount and method of distribution of surplus to policyholders entitled thereto, the court will not ordinarily interfere, in the absence of a showing of fraud, or bad faith, or at least a clear transgression of a legislative mandate. *Royal Highlanders v. Wiseman, supra.*

Plaintiffs allege that the reserves released by the termination of policies of Ideal Reserve policyholders are accretions to the reserves, mortuary or disability funds, and that any amount accruing in any of said funds in excess of legal requirements should be distributed to the holders of Ideal Reserve participating policies in accordance with their beneficial interest therein. The laws, edicts and contractual provisions pleaded, however, show that the accretions to the Ideal Reserve Fund were limited by the contract to accre-

tions other than those derived from revenue resulting from suspensions and lapsed or surrendered policies. The funds accumulated from suspensions and lapsed or surrendered policies were required by the very terms of the contract to be transferred to the general fund to be used for the best interest, growth and welfare of the company and the general expenses of operation. The board of directors were clearly right in refusing to distribute any of such funds as demanded by plaintiffs.

Plaintiffs contend that the judgment of the district court for Lancaster county, in the case of Royal Highlanders v. Wiseman, Docket 139, No. 66, was void for the reason that the court was without jurisdiction to hear it. In the decision of that case in this court, *Royal Highlanders v. Wiseman, supra,* this court held against the contentions of plaintiffs on that issue. The reasoning and logic of the opinion in that case are sufficient authority for our holding that the district court had jurisdiction in that case and was invested with the necessary powers to enter the judgment that was entered therein.

A consideration of the pleadings, and the facts pleaded which are admitted to be true by the filing of the motion for a judgment on the pleadings, convinces us that the trial court properly overruled the motion and dismissed the petition. The board of directors, in determining the amount of surplus which could safely be distributed, violated no provisions of statute, participated in no fraud and in no way exceeded its statutory powers. The answer alleges that the $810,724.97, which the board of directors authorized to be distributed as accumulated surplus, was the result of a careful analysis of the affairs of the company, an appraisal of the present economic condition of the country as it bears upon the insurance field, and an estimate of the future as it appears to those interested in the welfare of the company and its policyholders. The allocation of funds as determined by the directors appears to be reasonable and justified by the facts admitted by the pleadings. The plaintiffs, by moving for a judgment on the pleadings, in effect admit

that the divisible surplus allocated by the board of directors for distribution to Ideal Reserve participating policyholders is the result of the exercise of sound judgment and business acumen. It is therefore a matter within the legal discretion of the board of directors with which, in the absence of fraud, gross negligence, bad faith or violation of statutory limitations, the courts are powerless to interfere.

We think the trial court was in all respects correct, and the judgment entered is

AFFIRMED.