IN RE ESTATE OF FRANK SOUKUP, SR.
MIKE F. SOUKUP, APPELLANT, V. ESTATE OF FRANK SOUKUP, SR., ET AL., APPELLEES.
6 N. W. (2d) 615

FILED DECEMBER 4, 1942. No. 31443.

*Waring & Waring,* for appellant.

*John E. Mekota, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

It is shown by the record in this proceeding that Mike F. Soukup presented to the county court of Saline county for allowance a claim against the estate of Frank Soukup, Sr., deceased, for the amount due on a promissory note for $4,000. The note was dated March 1, 1930, was payable to Mike F. Soukup one year after date with interest at the rate of 5 per cent. per annum and was executed by Joseph J. Soukup and Frank Soukup, Sr. On the back of the note the following payments were indorsed: Interest paid April 18, 1931; interest paid May 10, 1932; $50 paid on principal April 2, 1936. The claim was filed in the county court August 24, 1940.

James Soukup, executor of the will of Frank Soukup, Sr., deceased, admitted the execution of the note but objected to the allowance of the claim and alleged that Frank Soukup, Sr., did not receive any part of the consideration for the note but signed it as surety for the accommodation of his son, Joseph J. Soukup; that there was no payment of principal or interest by the makers of the note or with the knowledge or consent of either of them after May 10, 1932, and that thereafter more than five years elapsed before the claim was filed in the county court; that the claim was barred by the statute of limitations.

The county court sustained the objections and disallowed the claim. The claimant appealed to the district court where the claim was again disallowed. From the judg-

ment of the district court the claimant appealed to the supreme court.

Was the debt evidenced by the note barred by the statute of limitations when the claim of payee was filed August 24, 1940, in the county court against the estate of Frank Soukup, Sr., deceased, the cause of action having accrued March 1, 1931?

An action on a promissory note is barred by the statute of limitations unless brought within five years after the cause of action thereon accrued. Comp. St. 1929, secs. 20-204, 20-205. Claimant contends that the payment of $50, April 2, 1936, prevented the running of the statute until that date and that therefore the claim is not outlawed. This position does not seem to be tenable. Frank Soukup, Sr., was one of two signers of the note. The evidence shows that he did not receive any proceeds of the note; that the consideration therefor was paid to the other signer, his son, Joseph J. Soukup, the principal maker for whom the father was surety; that the payment on the debt was made by the son. The proof does not show that the payment on the debt was made with the authority, knowledge and consent of the surety. The following is well-settled law:

"The payment of interest or a part of the principal on a note by a principal debtor, without the authority or consent of the surety, will not stop the running of the statute of limitations as to the surety. * * *

"A payment by one of several joint debtors on a note, without the authority or consent of the others, will not toll the statute of limitations as to them." *Hall v. Rogers,* 113 Neb. 290, 202 N. W. 908. See, also, *Kuhse v. Luther,* 130 Neb. 623, 266 N. W. 66.

Claimant contends further that Frank Soukup, Sr., made a will in which he acknowledged the note as an existing obligation of testator and that this prevented the barring of the claim. The will was dated February 12, 1934, more than five years before the claim was filed in the county court. In addition the will itself does not acknowledge the

debt evidenced by the note as an existing liability of testator or make it a charge against his estate.

It is also argued by claimant that the trial court erred in excluding offers of proof that testator directed the 50-dollar payment of April 2, 1936, and that it was made at his request and with his consent. Questions eliciting such proof were directed to Joseph J. Soukup and, if answered, would have permitted him to testify to conversations between himself and his father, the deceased testator. Objections to the questions were made on the ground that the witness was incompetent to so testify under the statute providing that, "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness." Comp. St. 1929, sec. 20-1202. The objections were properly sustained. The witness had a direct legal interest in the result of the proceeding. He was the principal debtor and the purpose of the rejected testimony was to make his own debt a valid claim against the estate of his deceased father who signed the note as surety for the witness. A "direct legal interest" under the statute has been defined as follows:

"If a judgment pronounced in a pending action will be legal evidence for or against the witness in another action, then such witness has a direct legal interest in the result of the suit, which renders his testimony incompetent under the provisions of said section." *Tecumseh Nat. Bank v. McGee,* 61 Neb. 709, 85 N. W. 949.

In these views of the law and the facts, error does not affirmatively appear in the proceedings and judgment of the district court.

AFFIRMED.