W. T. RAWLEIGH COMPANY, APPELLANT, v. PETER E. SMITH
ET AL., APPELLEES.

7 N. W. (2d) 80

FILED DECEMBER 18, 1942. No. 31498.

*Lee Card*, for appellant.

*Charles A. Fisher* and *R. R. Wellington, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE,
CARTER and YEAGER, JJ.

ROSE, J.

This is an action to recover from Peter E. Smith, de-
fendant, as surety, a balance of $342 on an account for
merchandise sold by the W. T. Rawleigh Company, plain-
tiff, to Francis J. Budroe. The contracts for the sale and
purchase of merchandise were on printed forms and were
executed by both seller and buyer. Following these con-
tracts on the same instruments were executed agreements
of George Sandercock, C. M. Sandercock and Peter E.
Smith, sureties, for payment of the merchandise purchased
by Francis J. Budroe from plaintiff. The only defendant
in court is the surety, Peter E. Smith. His obligations as
surety were dated January 2, 1931, and January 2, 1932.
The action was brought in the county court of Dawes coun-
ty and there dismissed. Plaintiff appealed to the district
court. Upon a trial therein the action was dismissed on
the ground that the claim of plaintiff against the surety
was barred by the statute of limitations. Plaintiff ap-
pealed to the supreme court.

The petition which plaintiff filed in the district court
on appeal states that the indebtedness of Budroe under his
contracts to purchase merchandise was $1,164.50 on July
1, 1932; that he then acknowledged in writing an unpaid

balance for that amount and promised to pay it according to his contracts; that he reduced his debt to $342 by payments from July 7, 1932, until April 19, 1934; that Budroe purchased merchandise under his contracts to the extent of $318.74 from July 7, 1932, until November 16, 1932. The contracts of the purchaser and sureties and the date and amount of each item of debit and credit for the periods mentioned were pleaded in full in the petition.

In an answer to the petition the surety, Smith, sole defendant in court, alleged among other defenses that more than five years elapsed between the date on which the cause of action accrued and the date on which the action was brought and that the claim against the surety was barred by the five-year statute of limitations. Comp. St. 1929, secs. 20-204, 20-205.

The parties waived a jury and the case was tried before the district court. Plaintiff proved the contracts and the items of debits and credits pleaded in the petition, showing a balance of $342 due from Budroe who purchased the merchandise. In addition plaintiff introduced in evidence an exhibit showing that Budroe paid $5 on his account March 3, 1937. The transcript of the proceedings in the district court shows that the case was pending therein May 10, 1941. A cause of action accrued on the account against Budroe when he acknowledged an unpaid balance of $1,164.50 July 1, 1932, and promised to pay it.

After plaintiff rested, Smith, surety, moved for judgment on the pleadings and evidence on the ground they are insufficient to support a judgment in favor of plaintiff. The motion was sustained and the action dismissed.

The pleadings and the evidence show on the face of the record that a cause of action for a balance due on the account accrued July 1, 1932, and that more than five years elapsed before plaintiff filed its petition. There is nothing in the record to show that Smith did anything to prevent the statute of limitations from running against his obligations as surety. The law is that payments by the principal debtor without the authority or consent of the surety do

not prevent the statute of limitations from running against the latter. *In re Estate of Soukup, ante,* p. 456, 6 N. W. (2d) 615. Since the action was properly dismissed as to the surety, because barred by the statute of limitations, the determination of other questions presented becomes unnecessary.

AFFIRMED.

The following opinion on motion for rehearing was filed April 23, 1943. ▮▮▮▮▮▮▮▮▮▮▮▮

CARTER, J.

The record in this case shows that on January 2, 1932, the plaintiff company entered into a written contract with one Budroe whereby the plaintiff agreed to sell and Budroe to purchase at wholesale such reasonable quantities of its products as the said Budroe may order during the year 1932. On the same date the defendant Smith and two others signed another instrument appearing on the same page whereby they jointly and severally promised, guaranteed and agreed to pay for all merchandise sold under Budroe's

contract with the company and all prior indebtedness that was due the company when the contract was signed. The instrument also contained the following provision: "We hereby expressly waive notice of the acceptance of this contract, and of the shipment of goods to the buyer, and extension of credit to the buyer, and of the extension of time in which to pay for the goods so purchased, and waive all notice of any nature whatsoever."

The evidence shows that on July 1, 1932, Budroe was indebted to the plaintiff company in the amount of $1,164.50. Subsequently, and during the life of the contract, Budroe purchased merchandise of the value of $318.74, the last item of which was bought on November 16, 1932. Payments were made by Budroe on the account as follows: In 1932 $712.58, in 1933 $110.66, in 1934 $150, in 1935 $115, in 1936 $48, and on March 3, 1937, the last payment of $5. The balance due on March 3, 1937, was $342. On December 21, 1940, plaintiff commenced this action to obtain a judgment against the defendant Smith. The five-year statute of limitations (Comp. St. 1929, sec. 20-205) is pleaded as a bar to a recovery by the plaintiff.

As we have before stated, the last purchase of merchandise under the contract sued on was made on November 16, 1932. Payments were made on the account to and including March 3, 1937. There is no evidence that defendant Smith had consented to the making of these payments and he invokes the rule that payments made without the authority or consent of a surety or joint obligor do not toll the statute of limitations as to such surety or joint obligor. *Hall v. Rogers*, 113 Neb. 290, 202 N. W. 908; *Kuhse v. Luther*, 130 Neb. 623, 266 N. W. 66; *In re Estate of Soukup*, *ante*, p. 456, 6 N. W. (2d) 615. See, also, 71 A. L. R. 378. This is clearly the rule in this state, and consequently the rights of the defendant Smith were not prejudiced by the payments made by the prinicpal without his authority or consent.

Plaintiff urges, however, that notice to the defendant of payments made by Budroe was waived under the provisions

of the contract hereinbefore quoted and that the payments made thereby operate to toll the statute of limitations.

That the contract was accepted by the company is not disputed. There is no dispute as to the amount and value of the merchandise shipped to the principal. No extension of credit was given except as provided in the principal contract; nor is there evidence of any extension of time of payment for the goods purchased. The only question remaining, therefore, is whether the words in the suretyship agreement, "and waive all notice of any nature whatsoever," were sufficient to show an intention on the part of defendant Smith to absolutely assume payment of the principal's obligation during any time in which recovery could be had against the maker. The words of the contract which we have quoted are not sufficient to express such a purpose.

A surety cannot be held beyond the precise terms of his contract. Any intention on the part of the surety to assume a further and continued liability must be found in the words of the contract made. It is not a matter of inference, but of express statement. The liability of a surety, therefore, is measured by, and will not be extended beyond, the strict terms of his contract. *Hopewell v. McGrew,* 50 Neb. 789, 70 N. W. 397.

In order for a part payment to operate to toll the statute of limitations as to a surety, the payment must have been made by the surety in person, or for him by his authority, or for him without authority and subsequently ratified by him. *Pfenninger v. Kokesch,* 68 Minn. 81, 70 N. W. 867. A waiver of "all notice of any nature whatsoever" in the suretyship agreement does not operate to supply the surety's consent and authority to the making of partial payments in the future which would have the effect of tolling the statute of limitations as to him. *Shores-Mueller Co. v. Knox,* 160 Ia. 340, 141 N. W. 948. The mere fact that the surety has knowledge of partial payments being made by the principal is not sufficient to accomplish that result. *McMullen v. Rafferty,* 89 N. Y. 456; *Littlefield v. Littlefield,* 91 N. Y. 203. As the waiver contained in the suretyship

contract purports to waive notice only, it would be ineffective to waive a want of consent by the surety to the making of partial payments by the principal.

The statute of limitations commences to run against a surety when his obligation to pay accrues. *Cummins v. Tibbetts*, 58 Neb. 318, 78 N. W. 617. Liability accrued in the instant case on November 16, 1932. The payments made by the principal not being effective to toll the statute of limitations as to the defendant surety, it operates as a complete bar to a suit against the surety commenced after November 16, 1937. The trial court therefore correctly held that plaintiff's cause of action was barred by section 20-205, Comp. St. 1929.

Our former opinion, *W. T. Rawleigh Co. v. Smith, ante,* p. 527, 7 N. W. (2d) 80, therefore arrives at the correct result. In so far as it conflicts with this opinion, however, it is vacated and set aside.

AFFIRMED.

Rose and Eberly, JJ., not participating.