GROVER C. VAUGHAN ET AL., APPELLANTS, V. OMAHA WIMSETT SYSTEM COMPANY, APPELLEE.

9 N. W. (2d) 792

FILED JUNE 4, 1943.   No. 31584.

*William A. Ehlers,* for appellant.

*William M. Giller, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

WENKE, J.

This action was commenced in the district court for Douglas county by Grover C. Vaughan and Marvel Vaughan, husband and wife, as plaintiffs and appellants here, against the Omaha Wimsett System Company, a corporation, defendant and appellee here, alleging that the appellee, a corporation engaged in the loan business under sections 45-119 to 45-123, Comp. St. 1929, did, in connection with a loan made to appellants and secured by a chattel mortgage on their household goods and furniture and on three subsequent renewals or refinancing thereof, make charges in excess of those provided by statute as in their petition set forth and by reason thereof they are null and void and nothing is owing to the appellee thereon, praying that these several notes and chattel mortgages be canceled and for judgment for the amounts the appellants have paid thereon. The appellee filed its answer and cross-petition denying generally the allegations of the appellants' petition and setting forth four separate loans made to the appellants and the charges made in connection therewith, on the last of which it claims there is due $346.16 with interest and in its cross-petition asked for the foreclosure thereof. Appellants thereupon filed a motion to require the appellee to make its answer and cross-petition more definite and certain as in the motion set forth, which the court overruled, and subsequent thereto appellants filed their motion for decree or judgment on appellee's answer and cross-petition. This motion was overruled on November 19, 1942, and on the same day decree was entered for the appellee on its cross-petition. On November 30, 1942, appellants filed their motion to vacate the order overruling their motion for decree or judgment on the answer and cross-petition and the decree entered therein for the

appellee. From the overruling thereof they have appealed here.

The appellants contend that this case was heard by the district court upon their motion for decree or judgment on appellee's answer and cross-petition, and after the overruling thereof, upon the pleadings and evidence by reason of appellee's counsel representing to the court that he had notified appellants' counsel thereof when in fact no such notice had ever been given to appellants or their counsel, that in fact they had no knowledge thereof, had not agreed thereto and was heard at a time when appellants' counsel was out of the city and unable to be present in court. This case comes here without a bill of exceptions and therefore the only question we can consider is whether the order entered by the court or the decree is supported by the pleadings. *Joyce v. Tobin*, 126 Neb. 373, 253 N. W. 413. From an examination of the record, it appears that the court ruled on the motion and then heard the case on the pleadings and the evidence offered in support thereof on November 19, 1942, which was one of the days of the regular October, 1942, term of said court, and without a showing to the contrary, properly brought to this court for its consideration, we will presume the regularity of all proceedings had therein.

The further contention of the appellants that the court erred in overruling their motion to make more definite and certain is without merit for the items to which the motion is directed are sufficiently set forth to inform the appellants as to the nature thereof and the cause of action to which they refer. The rulings on such motions are largely in the discretion of the trial court and unless abuse thereof is shown so as to prejudice the rights of the parties they will not be disturbed. The rule as announced in 49 C. J. 737, is applicable here: "In general, a motion to make more definite and certain, or more specific, will not lie where the allegations of the pleading against which it is directed are adjudged sufficiently definite, certain, or specific to inform the opposing party of the nature of the cause of action or defense."

It is the appellants' further contention that the court erred in immediately proceeding with the trial of the case upon the pleadings and the evidence, after the order overruling appellants' motion for decree or judgment on the appellee's answer and cross-petition, without giving them an opportunity to elect to proceed further. In this we think the appellants are correct. "A motion for judgment on the pleadings, like a demurrer, admits the truth of all well-pleaded facts in the pleadings of the opposing party, together with all reasonable inferences to be drawn therefrom. A party moving for judgment on the pleadings necessarily admits, for the purpose of the motion, the untruth of his own allegations in so far as they have been controverted." *Brown v. Royal Highlanders,* 140 Neb. 54, 299 N. W. 467. "A motion for judgment on the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer." 49 C. J. 668. "The making of a motion for judgment on the pleadings does not waive the right to trial of an issue of fact." 49 C. J. 685. Upon the overruling thereof, the party who made such motion should be given the opportunity of electing to stand on his motion or to proceed further. If he elects to proceed further, then the case should be regularly assigned for trial upon the issues raised by the pleadings and heard upon its merits. The record here does not show that appellants were given this opportunity, but rather that the matter was immediately heard upon the pleadings and evidence offered in support thereof by appellee. The case is therefore reversed with directions to the lower court to vacate the decree entered herein and to give the appellants an opportunity to elect whether they stand on their motion or wish to proceed further, and if they elect to proceed further that they be given a reasonable time to plead to the answer and cross-petition of appellee and upon the issues thus presented that the case be assigned for trial and heard upon its merits.

We have not passed upon the questions raised by the motion for a decree or judgment on the answer and cross-petition for to do so here would be making a final determina-

474

tion thereof prior to the appellants having elected to stand thereon or to proceed further. The appellants are not entitled to this advantage nor can any of the parties be injured thereby as all questions raised by the motion are presented by the pleadings and will be before this court should the cause again be appealed here.

REVERSED, WITH DIRECTIONS.