WATKINS PRODUCTS, INCORPORATED, A CORPORATION, APPELLANT, V. GEORGE OREN RAINS ET AL., APPELLEES.

120 N. W. 2d 368

Filed March 15, 1963. No. 35358.

Dryden & Jensen, for appellant.

Richard A. Dier, William J. Ross, and Ward W. Minor, for appellees Mattson et al.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an action by Watkins Products, Incorporated, to recover from George Oren Rains, as principal, and Ingve A. Mattson, George L. Gifford, and Mrs. G. L. Gifford, as sureties, a balance of $1,350.47 with interest at 6 percent per annum from September 6, 1956. The defendants filed a motion for judgment on the pleadings. The motion was sustained as to the sureties and over-ruled as to the principal. The plaintiff has appealed.

The record shows that on March 27, 1956, plaintiff entered into a written contract with the defendant Rains for the sale of merchandise to Rains. On the same written instrument the three sureties promised, agreed, and guaranteed to pay for the merchandise and the prepaid transportation charges thereon in the manner provided

by the contract between plaintiff and Rains. The petition alleges that between April 1, 1956, and August 24, 1956, plaintiff sold merchandise to the defendant upon his order and pursuant to the terms of the agreement in the amount of $1,865.93. Credits were allowed by the plaintiff in the amount of $515.46, leaving $1,350.47 due and unpaid. The account attached to the petition shows that the last credit was by the return of merchandise in accordance with the contract on November 27, 1956. It is the contention of the sureties that the petition shows that more than 5 years have elapsed between the date on which the cause of action accrued and the date on which the action was brought, and that the claim against the sureties was barred by the statute of limitations. § 25-205, R. R. S. 1943.

This action was commenced on September 28, 1961, more than 5 years after the liability of the sureties was incurred. The action against the sureties is barred unless there was a tolling of the statute. Plaintiff contends that a return of merchandise in the amount of $105.73 on November 27, 1956, had that effect. The petition shows that Rains returned this merchandise to plaintiff, who advised the sureties that it had been credited on Rains' account. There is nothing to indicate that the sureties consented to the return of this merchandise for credit and they invoke the rule that payments made without the authority or consent of a surety or joint obligor do not toll the statute of limitations as to such surety or joint obligor. In re Estate of Soukup, 142 Neb. 456, 6 N. W. 2d 615; W. T. Rawleigh Co. v. Smith, on rehearing, 142 Neb. 529, 9 N. W. 2d 286.

In order for a part payment to operate to toll the statute of limitations as to a surety the payment must have been made by the surety in person, or for him by his authority, or for him without authority and subsequently ratified by him. The mere fact that the surety has knowledge of partial payments being made by the

principal is not sufficient to toll the statute as to the surety.

Where a petition alleges the sale of merchandise to a principal debtor with a written contract of suretyship signed by the sureties, and it appears on the face of the petition that the suit was commenced after the running of the statute of limitations, the cause of action is barred as to the sureties in the absence of an allegation showing that the statute has been tolled as to them. W. T. Rawleigh Co. v. Smith, *supra*.

A motion for a judgment on the pleadings is in the nature of a demurrer. Like a demurrer, it admits the truth of all well-pleaded facts in the pleadings of the opposing party, together with all reasonable inferences to be drawn therefrom. Brown v. Royal Highlanders, 140 Neb. 54, 299 N. W. 467; Vaughn v. Omaha Wimsett System Co., 143 Neb. 470, 9 N. W. 2d 792. The pleadings nowhere indicate the existence of any fact that would toll the statute of limitations as to the defendant sureties and the sustaining of the motion for judgment on the pleadings is therefore correct. The plaintiff cites cases showing that a payment of money or its equivalent, including a return of merchandise by the principal debtor, amounts to a part payment that would toll the statute. While this is true, it would operate only to toll the statute of limitations as to the principal debtor who made the payment, but not as to a surety who did not voluntarily pay, authorize, or ratify it.

AFFIRMED.